FORDYCE AND SWANSON, RECEIVERS SAINT LOUIS, ARKANSAS TEXAS RAILWAY COMPANY, v. L. M. WITHERS.

No. 51.

1. **Suits Against Receivers.** — This was a suit for damages for personal injuries. Since the passage of the act of Congress authorizing suits against receivers without leave of the court in which the receivership may be pending, it has not been necessary to obtain such leave. The cause of action in this case is an *act or transaction* of the receivers which comes within the act of Congress.

2. **Power of Court Under Act of Congress.**—The rule of law, that a receiver of property appointed by one court can not be sued in another with respect to that property without the consent of the court appointing him, has been changed both by the act of Congress and the State law; but both of these acts protect the courts having jurisdiction of the original cause in which the receivership is being conducted, in the due administration thereof, and enable them, in the exercise of their general equity powers, to prevent, by injunction against parties, any interference with or diversion of the property in the hands of the receiver.

3. **Evidence of Repair of Track.**—Evidence tending to prove repair of the track at the place where the wreck and injury occurred, after its occurrence, was admissible when offered to rebut evidence of defendants' witnesses, that the track had been used after the wreck without having been repaired.

4. **Derailment of Passenger Car.**—In this State, the happening of an accident to a passenger does not make a prima facie case of negligence, but the derailment of a passenger car is evidence of negligence in the company, in the

absence of explanation showing that the accident happened without the fault of the railway company; and instructions asking a finding for the defendant upon a state of facts which ignore the accident would have been on the weight of evidence, and were properly refused.

5. **Carrier of Passengers—Erroneous Charge.**—The following charge held to impose too great care upon the carrier of passengers: "Defendants, as carriers of passengers, operating a railroad, are held under the law to the greatest possible care and diligence for the safety of the passengers they undertake to transport. They are not insurers of the absolute safety of their passengers, but are required to provide for their safety as far as human care and foresight will go."

6. **Elements of Damage.**—A diminished capacity to earn money is a proper element of damage, although the amount the injured person could earn before the injury, and the amount she did earn after it, was not shown. Her diminished capacity to do the work she was accustomed to do about the hotel was shown, and the charge should have submitted that question to the jury, rather than her diminished capacity to earn money.

7. **Improper Argument of Counsel.**—It was improper for counsel to state to the jury, "that he had drawn the petition under facts, in cases not so bad as this, and had put the amount claimed as low as he thought he could." He was in effect testifying before the jury, and the language called for more from the court than a mere direction to the jury not to regard it.

Error from Angelina.    Tried below before Hon. Geo. F. Ingraham, Special Judge.

The wife of plaintiff was injured, while a passenger, in a derailment, and the verdict was for $4000.

*Finlay, Marsh & Butler* and *Sam H. West*, for plaintiffs in error.—1. That portion of said act of Congress which undertakes to partially confer upon the State courts the right to entertain suits against Federal receivers, brought without leave of the Federal court in which the receivership is pending, is void, and gave no aid to the jurisdiction of the trial court. Const. U. S., art. 1 (sec. 8, par. 19), art. 3 (sec. 1, par. 1, sec. 2, par. 1); Cool. Const. Lim., 5 ed., 10, 11; United States v. Hudson, 7 Cranch, 32.

2. It is error to admit evidence showing changes or improvements on the railway made subsequent to the time of the accident.    Railway v. Johnston, 78 Texas, 536; Railway v. McGowan, 73 Texas, 355; Railway v. Burns, 4 Texas Law Review, 54–56; Morse v. Railway, 30 Minn., 465; Eli v. Railway, 16 Am. and Eng. Ry. Cases, 342; Cramer v. Burlington, 49 Iowa, 627; Sweetland v. Tel. Co., 27 Iowa, 434.

3. Counsel's closing argument was grossly improper, and calculated to injuriously influence the jury.    Dillingham v. Scales, 78 Texas, 205; Willis v. McNeill, 57 Texas, 465; Railway v. Jarrell, 60 Texas, 268; Franklin v. Tiernan, 62 Texas, 92.

4. The law does not make common carriers insurers of the safety of their passengers; it only requires such prudence and care as an ordinarily prudent, competent person would use under like circumstances.    Railway

v. Halloren, 53 Texas, 46; Railway v. Burnett, 80 Texas, 538; Proof and Plead. in Acc. Cases, sec. 10; Ry. Acc. Law, 438, 439; Whart. on Neg., sec. 661. Negligence, in order to result in liability, must be the proximate cause of the injury. Railway v. McAtee, 61 Texas, 695; Cool. on Torts, 68; 2 Thomp. Trials, sec. 1676.

5. It is improper to submit to the jury anything as an element which may be considered in estimating damages, which has no basis in the evidence. Railway v. Thornberry, 17 S. W. Rep., 521; Railway v. Simcock, 81 Texas, 503.

*H. G. Lane* and *Bryarly & Brewer*, for defendants in error.—1. A receiver may sue or be sued in any court of this State having jurisdiction of the cause of action, without first having obtained leave of the court appointing such receiver. Acts 1887, p. 120, sec. 8; 1 Sayles' Civ. Stats., arts. 1468, 1469; Brown v. Gay, 76 Texas, 444.

2. A passenger has the right to demand of a railway company for his safe passage that high degree of care and skill which very cautious persons generally, in their line of business, are accustomed to use. Railway v. Halloren, 53 Texas, 53; Railway v. Smith, 74 Texas, 276.

GARRETT, CHIEF JUSTICE.—This action was brought against the plaintiffs in error, as receivers of the St. Louis, Arkansas & Texas Railway Company in Texas, to recover damages for personal injuries received by the wife of the defendant in error while a passenger on a train on said railway during the time it was being operated by said receivers.

Plaintiffs in error pleaded to the jurisdiction of the court, that at the time of the accident the railway was being operated by them as receivers, through employes, under appointment and orders of the Circuit Court of the United States in and for the Eastern District of Texas, and that the cause of action they are sued on is not any *act or transaction* of theirs as receivers, and that the consent of said Circuit Court had not been obtained for the institution of the suit. Since the passage of the act of Congress authorizing suits against a receiver without leave of the court in which the receivership may be pending, it has not been necessary to obtain such leave. The cause of action in this case is an *act or transaction* of the receivers which comes within the act of Congress. Brown v. Gay, 76 Texas, 444. There is no attempt by the act of Congress to confer jurisdiction upon the courts of any State which they did not have before. By a comity between courts, it is a well settled rule of law that a receiver of property appointed by one court can not be sued in another with respect to that property without the consent of the court appointing him. Such a suit would be in contempt of the court whose officer the receiver was, punishable by that court; and if brought to the attention of the court in which it is instituted by a proper plea, the right to maintain it

would be refused. The act of Congress, as well as our State law, authorizing suits against receivers without the consent of the courts by which they were appointed, changes the rule; but both these acts protect the courts having jurisdiction of the original cause in which the receivership is being conducted in the due administration thereof; and the provision of the Federal statute that " such suit shall be subject to the general equity jurisdiction of the court in which such receiver or manager was appointed, so far as the same shall be necessary to the ends of justice," is probably no greater reservation of power than courts appointing receivers would have generally, to be exercised by injunction against the parties, not the courts, to prevent interference with or a diversion of the property in the hands of the receiver.

Green Sanders, a witness for the plaintiff, was permitted to testify, over the objection of the defendant, that he had visited the scene of the wreck where Mrs. Withers was injured, and saw some old timbers lying around the place of the wreck and some new work done there; that old ties had been taken out and new ones put in, or the ties that were there before had been reset; the work was new or recent at that place, and the ties that were there had no marks on them made by a wheel running off the rail on to the ties. This testimony does not come within the rule as announced in Railway v. Johnston, 78 Texas, 536, and Railway v. McGowan, 73 Texas, 355.

The defendants' witnesses had testified to the good condition of the track, and that it was used after the wreck without having been repaired, and the evidence was properly admitted in rebuttal thereof. It was also admissible for the purpose of showing the actual condition of the track, but not for the purpose of showing an admission by the defendants that the track was defective. It was, however, error to permit the witness to testify as to other wrecks. Railway v. Mitchell, 75 Texas, 81.

The eighth, ninth, and tenth assignments of error are to the refusal of the court to give the first, second, and third special instructions requested by the defendants, which are as follows:

" 1. If the evidence in this case shows to their (the jury's) satisfaction that the car upon which Mrs. Withers was a passenger ran off the track and was overturned, and that she was injured, and if the evidence fails to disclose any defect in the machinery connected with the train, or any defect in the road bed, rails, or ties, and fails to show any mismanagement or conduct upon the part of those operating the train, then it would be your duty to return a verdict for defendants.

" 2. If the evidence in the case shows that the car upon which Mrs. Withers was a passenger was overturned, and there is no cause or reason shown for the overturning of the car, and if the defendants have shown that the road bed and cars and machinery connected therewith were suitable and in good condition, and that the operatives of the train were in

exercise of reasonable care and prudence in the management and running of the train, then the jury would not be authorized to return a verdict for the plaintiff, and you will find for the defendants.

" 3. Railway companies in carrying passengers, under the law, do not become insurers of the safety of passengers, and are not liable for injuries which result from an accident produced by any latent defects in machinery or road bed, which could not have been foreseen and provided against by due care in relation to the business of operating such railways; and if you believe from the evidence in this case that the wreck in which Mrs. Withers was injured was accidentally brought about by some unexplained defect, which could not have been seen and provided against by the defendants in this case by the exercise of such prudence and care as reasonably cautious persons would have exercised under the circumstances, then the plaintiff would not be entitled to recover, and you should return a verdict for defendants."

While in this State the happening of an accident to a passenger does not make a prima facie case of negligence, as held in some States (Railway v. Robinson, 73 Texas, 284; Railway v. Burnett, 80 Texas, 538), still the derailment of a passenger car of a railway company is evidence of negligence in the company in the absence of any explanation showing that the accident happened without fault of the railway company. Railway v. Smith, 74 Texas, 276. The first and second instructions as above requested ask for a finding for the defendants on a state of facts which ignores the accident. Such a charge would be upon the weight of evidence. All of the facts should be submitted to the jury, and they should find whether or not there was negligence. The third instruction requested is correct, with a further explanation to the jury as to what prudence and care reasonably cautious persons would have exercised under the circumstances, which, as laid down in Railway v. Halloren, 53 Texas, 53, is, " that high degree of care and skill which very cautious persons generally, in their line of business, are accustomed to use under similar circumstances, to prevent danger."

In this connection, the following charge of the court was error: " The defendants in this cause, as carriers of passengers operating a railway, are held under the law to the greatest possible care and diligence for the safety of the passengers they undertake to transport; they are not insurers of the absolute safety of their passengers, but they are required to provide for their safe conveyance as far as human care and foresight will go. And their duty extends to the providing of good and sufficient material, the employment of skilled engineers, correct methods in the original construction, inspection, and subsequent maintenance in repair of its road, embankments, culverts, road bed, ties, and of the engines and cars which it uses, and the speed of its trains in the transportation of its pas-

sengers; and a failure of duty in any of these respects renders the defendants liable.''

Too great care is imposed upon the defendants as carriers of passengers by this charge. Defendants are not bound to the greatest possible care. Their obligation is very correctly stated in Railway v. Halloren, 53 Texas, 53, and we do not deem it necessary to do more than refer to that case for the guidance of the court in framing the charge on another trial of this case.

There was no error in refusing the eleventh and thirteenth requested instructions. While the defendants' ties or the unusual speed may not separately have caused the derailment of the train, yet each may have contributed to it.

A diminished capacity to earn money is a proper element of damage. It is true there was no evidence showing what Mrs. Withers could have earned before the injuries complained of were received, and what she could earn afterward; yet the evidence showed that in the discharge of her duties about the management of the hotel her capacity was diminished; and while it amounts to much the same thing, the charge of the court should have submitted to the jury her diminished capacity to do the work she was accustomed to do about the hotel, rather than a diminished capacity to earn money, as there was no evidence directly as to what that was.

We do not deem it necessary to pass on the sixth assignment of error, relating to the admission of evidence on the part of the plaintiff after the case had been closed, and the refusal to hear evidence of the defendants in rebuttal thereof, as the case must be reversed for errors already pointed out, and the error assigned is not likely to occur on another trial.

It was improper for counsel for plaintiff to state to the jury that he had drawn the petition under facts in cases not so bad as this, and had put the amount claimed as low as he thought he could, and other language to the same effect. He was, in effect, testifying before the jury, and the language called for something more from the court than a mere direction to the jury not to regard it.

The judgment of the court below will be reversed and the cause remanded.

*Reversed and remanded.*

Delivered December 8, 1892.