Houston & Texas Central Railroad Company v. J. W. Harris.

Decided October 17, 1902.

1.—Carrier of Passengers—Injury to Wife—Evidence.

Evidence held sufficient to support a finding that the injury to plaintiff's wife resulted from the negligence of defendant's servants in not stopping the train long enough for her to alight, and in starting it again with a violent jerk.

2.—Same—Verdict—Damages for Personal Injury.

Evidence held to sustain a verdict for $2000 for injuries to plaintiff's wife, resulting from a jerk of the train throwing her down, hurting her back, etc.

3.—Same—Contradicting Witness—Predicate.

Where a physician, testifying as a witness for defendant, had stated that he saw plaintiff's wife just after she got off the train, and that it was three or four days afterwards before he first heard that she claimed to have been injured, it was proper to ask him on cross-examination if he did not ask her if she was not hurt, and say to her "You look pale," and he having answered in the negative, it was permissible to contradict him by the wife's testimony.

4.—Same—Charge Limiting Effect of Evidence.

A charge that certain hearsay testimony given in rebuttal and to impeach a witness is to be considered by the jury only as affecting the credibility of the witness, and for no other purpose, is proper and not on the weight of evidence.

5.—Same—Husband and Wife—Value of Wife's Services.

Where the action was by the husband for personal injury to the wife, and the evidence disclosed their condition in life and the habit of the wife to do household work, this was sufficient to warrant the court in submitting to the jury the right of the husband to recover for loss of the wife's services.

Appeal from the District Court of Grimes County. Tried below before Hon. J. M. Smither.

_Baker, Botts, Baker & Lovett_ and _Frank Andrews,_ for appellant.

_John M. King, H. L. Lewis,_ and _McDonald Meachum,_ for appellee.

GARRETT, CHIEF JUSTICE.—This action was brought by the appellee, J. W. Harris, against the appellant for the recovery of damages for personal injuries alleged to have been sustained by his wife while a passenger on one of the appellant's train from Navasota to Courtney, in Grimes County, through the negligence of its servants. Plaintiff alleged that when the train reached Courtney his wife immediately arose and started to leave the car, and just as she came near the door the defendant started the train onward with a sudden jerk or start, thereby causing his wife to fall backwards and strike her body and person with force and violence against parts of the car.

The accident occurred November 20, 1900. Plaintiff and his wife had gone on that day from their home at Courtney to Navasota on defendant's railroad, and were passengers on its train returning to Courtney in the evening. When the train approached Courtney the station was called, and plaintiff and his wife got up and started to leave the car, which had come to a stop. Plaintiff reached the platform of the car, but while his wife was still in the aisle the train was again started, and by the force of the jerk or motion in starting she was thrown backwards and fell against something and was hurt.

Adopting the finding of the jury as supported by the evidence, we conclude that the defendant was negligent in not stopping its train a sufficient length of time to allow the plaintiff and his wife to alight, and in starting it again with a jerk so violent as to cause her to be thrown against some part of the car and to injure her without fault on the part of either plaintiff or his wife; and that the plaintiff sustained damages to the extent of the amount of the verdict and judgment.

The appellant has assigned as error, as not supported by the evidence, the finding of the jury that the accident was caused by the negligence of the appellant's servants in the operation of the train, and that the wife of appellee was without fault; also that the verdict is excessive in amount. Mrs. Harris testified that when the station was called and the train stopped, she and her husband got up immediately, and that she followed him right out. He had reached the platform and she was near the door when the train started with a sudden move, and the jerk threw her backwards against some object in the train; that she did not know what it was that she struck; that she cried out, and her husband turned and caught her hand and pulled her to her feet; that the train ran on a little distance and was stopped the second time, when she and her husband got off. The plaintiff testified to the same

effect. There was no conflict in the evidence about the stopping of the train a second time, for the plaintiff and his wife to get off. The conclusion that the appellant's servants operating the train were negligent in not stopping it a sufficient length of time for plaintiff and his wife to get off, and in again starting forward with a jerk so violent as to cause Mrs. Harris to fall backwards, is fully supported by the evidence of both the plaintiff and his wife that the train was started again before they had time to alight, and that in starting it made a jerk so violent as to cause the plaintiff's wife to fall. Mrs. Harris also testified that the blow against her back caused a visible mark or welt, the appearance of which was described by other witnesses. The amount of the verdict is $2000. As in most cases of personal injuries, it is difficult to say what the amount of damages ought to be, and it is left to the discretion of the jury, and where there is evidence to support it their finding will be held conclusive. In order for the appellate court to exercise its authority under the statute to reduce the judgment of the court below based upon the verdict of the jury, the amount should be so clearly excessive as to indicate passion or prejudice on the part of the jury in arriving at the verdict. There was evidence before them which authorized the jury to believe that, prior to her injury, Mrs. Harris was a young married woman, the mother of two children, stout, vigorous, and healthy, and capable of performing all household duties such as cooking, sweeping, making beds, and attending to her children; that her back where she was struck was badly swollen and puffed up and remained so for ten days; that it pained her a great deal and still hurt her at the time of the trial, a year after the accident, and hurt her then more than it did at first. She testified that she seemed to get worse instead of better; and whenever the pain came on it would make her sick, and she would have to lie down; that it hurt her whenever she raised her hands to dress her hair or made a sudden move, and that she could not lift anything. And from the evidence the jury could have believed that Mrs. Harris suffered and still suffered great pain from the injury, and that she was unable to perform many of her household duties on account thereof. There is other evidence in the record from which the jury may have found that the injury, if any, was only slight, or that the pain might have been from a different cause, but we are not prepared to say that the jury did not act conscientiously with regard to their oath as jurors. We think there is evidence to support the judgment for the entire amount, and it will not be disturbed.

Upon the trial of the case below Mrs. Harris was allowed to testify over the objection of the defendant that after she had alighted from the train she passed the witness, Dr. Lawson, upon the depot platform, and that he asked her if she was hurt and that she answered "Yes;" and he said, "You look pale." The testimony was offered to impeach or contradict certain testimony of the witness Lawson, given on cross-examination when on the stand as a witness for the defendant. The defendant objected to the testimony that it was wholly inadmissible

for any purpose because wholly irrelevant and immaterial, and was brought out by plaintiff on cross-examination and about a matter that was wholly irrelevant and immaterial; and that the testimony of Lawson itself was inadmissible, and being immaterial, the plaintiff could not impeach the witness by contradicting him through the witness Mrs. Harris upon an immaterial matter and an immaterial issue in the case, and what Lawson said to the witness was not testimony, and was hearsay, and was wholly inadmissible for any purpose. The court admitted the evidence, saying to the jury that it was admitted for no other purpose than to impeach the witness Lawson, and that it would be controlled by charge, and in the charge the following instruction was given to the jury:

"'You are instructed that the testimony of Mrs. Harris, stating in rebuttal that Dr. Lawson did remark to her at the depot, after alighting from the train, that he, Lawson, remarked that she was looking pale, in opposition to Lawson's denial when on the stand of having made such remarks, is only admitted before you to be considered by you and given such weight as you may deem it entitled to, as affecting Lawson's credibility as a witness, and for no other purpose."

The defendant put on the stand several witnesses whose evidence tended to show that there was nothing unusual in the starting of the train, and that no accident occurred. Some of its witnesses testified that they saw Mrs. Harris get off the train, and that they saw no evidence of any injury and observed nothing out of the way. The witness Lawson testified on his direct examination that he was on the platform when Mrs. Harris came; that he saw her; that when he first saw her it was after the first start of the train, and she was standing about the middle of the aisle; "the train was moving at the time. I was standing on the platform and saw her inside. It was three or four days after that, that I first heard Mrs. Harris claimed to have been hurt." Then, on cross-examination: "I passed right by Mrs. Harris that evening when she got off the train; did not say anything to her. I did not remark to her 'Are you hurt? You look like you are.'" The purpose and tendency of the testimony of Lawson and other witnesses introduced by the defendant being to show that Mrs. Harris had not met with an accident or received any injury by her position in the car and her appearance after she had alighted, and the witness Lawson having testified that he saw her standing in the middle of the aisle of the car after the train started, and that he passed right by her and saw her after she got off the train, the clear inference sought to be made from the evidence was that there was nothing unusual in the conduct or appearance of Mrs. Harris that would indicate that she had suffered an accident and did not then claim to have been hurt. It was under the circumstances material to ask the witness on cross-examination if he did not ask Mrs. Harris if she was not hurt, saying that she looked pale; and the witness having answered in the negative, it was proper to contradict him by the testimony of Mrs. Harris, the proper predi-

cate having been laid; and it being impeaching testimony, it was proper to give the charge which has been complained of as above set out. Railway v. Dyer, 76 Texas, 156; 10 Enc. of Pl. and Prac., pp. 280, 281, 296, and note 4, p. 296. The charge was not on the weight of the evidence.

There was no error in giving the fourth paragraph of the charge set out in the fifth assignment of error. The fair inference from the petition is that the defendant was negligent in failing to stop the train a sufficient length of time to allow the plaintiff and his wife to get off, and in starting it with a jerk before they had time to do so. The instruction is a general instruction, fairly supported by the pleading and the evidence, and controlled by paragraph 7 of the main charge and special instruction number 4, given at the request of the defendant. This latter instruction was not in conflict with paragraph 4 of the charge.

The charge of the court upon the measure of damages has been assigned as error because it submitted the right of the plaintiff to recover for loss of service of his wife in the absence of evidence of what her services were worth. The services of a wife are not capable of estimation in the same manner as those of a hired person, and their value is left very largely to the discretion of the jury. It was shown that plaintiff's wife was a young woman, the mother of two children, and before the injury was healthy, robust, and strong, and that she did the household work; and that subsequent to the injury she had been by reason thereof in bad health, and was unable to perform the same duties that she had performed prior thereto. She was before the jury in person and testified on the trial. The evidence disclosed the condition in life of the husband and wife, and the habit of the wife to do the household work. The charge of the court properly submitted the measure of damages in accordance with views of the Supreme Court as expressed in Railway v. Lacy, 86 Texas, 244. The case of Railroad v. Bird, 48 Southwestern Reporter, 756, does not present the same question. There being no error in the record, the judgment of the court below will be affirmed.

*Affirmed.*

Writ of error refused.