## COHN v. SAENZ et al. (No. 6185.)

(Court of Civil Appeals of Texas. San Antonio. April 23, 1919. Rehearing Denied May 7, 1919.)

**1. PLEADING ⟨Key⟩228 — EXCEPTIONS—DISMISSAL ON REFUSAL TO AMEND — SUBSEQUENT AMENDMENT.**

Where in a personal injury action complaint was dismissed on exceptions upon plaintiff's refusal to amend, the refusal to amend did not abate the suit, where plaintiff subsequently, before the following term of court, did amend, and thereafter prosecuted the suit by permission of the court.

**2. EXPLOSIVES ⟨Key⟩9 — SALE OF GASOLINE — PLEADING—SUFFICIENCY.**

In a suit against the seller of gasoline labeled "Coal Oil," brought by one injured by an explosion after purchasing it from a retailer who had bought it from defendant, a general demurrer to the petition on the ground that it affirmatively appeared that the defendant's act was not the proximate cause of the injury occasioned to the customer by the explosion of gasoline *held* without merit.

**3. EXPLOSIVES ⟨Key⟩9 — SALE OF GASOLINE — PLEADING—SUFFICIENCY.**

A petition in an action for personal injuries sustained in an explosion of gasoline purchased by plaintiff from a retailer as coal oil, who in turn had purchased it from defendant, designating the substance sold "as gasoline or some other highly explosive substance similar to gasoline," *held* sufficient.

**4. EXPLOSIVES ⟨Key⟩9—SALE OF COAL OIL—DELIVERY OF GASOLINE—DUTY OF SELLER.**

Where one purchased coal oil from a merchant for the purpose of resale, it becomes the merchant's duty, not only to the purchaser, but to the public, to deliver coal oil, and not gasoline.

**5. APPEAL AND ERROR ⟨Key⟩1050(1)—REVIEW—HARMLESS ERROR.**

In an action for injuries to wife sustained by an explosion of gasoline sold as coal oil by defendants, admission of evidence as to the services of husband in nursing wife, if error, *held* harmless.

**6. APPEAL AND ERROR ⟨Key⟩1046(5)—HARMLESS ERROR—REMARKS OF COURT—COMMENTS ON EVIDENCE.**

In an action for injuries sustained by an explosion of gasoline sold as coal oil by defendant to a retailer, who in turn had sold it to plaintiff, a remark by the court that defendant's answer to a question as to why the retailer did not have defendant receipt certain bills for the gasoline had been "consistent all the way through" *held* not prejudicial to defendant.

**7. EXPLOSIVES ⟨Key⟩9—PLEADING—VARIANCE—"LAMP"—LANTERN.**

In an action for personal injuries due to an explosion of gasoline sold as coal oil, and alleged to have been used in a lamp, evidence that it was a lantern that exploded similar to one exhibited by plaintiff's attorney to the witness, was not error; "lamp" including a lantern.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Lamp.]

**8. WITNESSES ⟨Key⟩245 — RECEPTION OF EVIDENCE—REPETITION OF QUESTIONS—DISCRETION OF COURT.**

In a personal injury action due to an explosion of gasoline sold as coal oil, where a witness had answered that, if he had made certain statements on prior trial, they were true, as his recollection at that time was better, it was not an abuse of discretion of trial court to refuse to permit further questioning on the same points.

**9. EVIDENCE ⟨Key⟩471(2)—ADMISSIBILITY—CONCLUSIONS.**

In a personal injury action due to an explosion of gasoline sold as coal oil, exclusion of evidence whether the retailer, who was a codefendant, had induced plaintiff to bring suit against defendant, *held* a conclusion.

**10. APPEAL AND ERROR ⟨Key⟩1046(5)—CONDUCT OF COURT—NONPREJUDICIAL ERROR.**

In a personal injury action due to an explosion of gasoline sold as coal oil, where evidence had been introduced that the retailer, who was a codefendant, had tried to induce plaintiff to bring suit against defendant, a remark by the court that the record showed that plaintiff did not do anything until a month before trial *held* not prejudicial.

**11. EXECUTORS AND ADMINISTRATORS ⟨Key⟩3(1)—NECESSITY OF ADMINISTRATION — AMOUNT OF PROPERTY.**

Where all claims against deceased were barred by limitation, except one incurred by his brother for a coffin amounting to $20, there was no necessity for administration; it appearing that the only estate was a homestead worth about $100.

**12. TRIAL ⟨Key⟩351(5)—SUBMISSION OF ISSUES—ISSUES COVERED BY OTHERS SUBMITTED.**

In an action for personal injuries due to an explosion of gasoline sold as coal oil, where the issue whether defendant sold gasoline representing it to be oil was submitted, it was not error to refuse to submit a special issue as to what kind of oil defendant sold.

**13. DAMAGES ⟨Key⟩131(1) — EXCESSIVENESS — PERSONAL INJURIES.**

In an action for personal injuries to a married woman caused by the explosion of lamp containing gasoline sold as coal oil, a verdict of $3,500 was not excessive, where she had required nursing for 100 days and nights.

Appeal from District Court, Jim Wells County; J. F. Wullally, Judge.

Action by Josefina Garcia de Saenz, substituted as plaintiff instead of Rufino Saenz, her husband, against M. D. Cohn and Ramon Saenz, with cross-action by Ramon Saenz against M. D. Cohn. Judgment against plaintiff in favor of Ramon Saenz, and in favor of Cohn on the cross-action, but in

favor of plaintiff as against Cohn, and Cohn alone appeals. Affirmed.

See, also, 194 S. W. 685.

W., W. McCampbell, of Alice, and J. C. Scott, of Corpus Christi, for appellant.

Jas. M. Taylor, of Corpus Christi, and John A. Pope, of Laredo, for appellees.

MOURSUND, J. This suit was filed in Duval county, and the venue changed to Jim Wells county. It was instituted by Rufino Saenz against his brother, Ramon Saenz, and M. D. Cohn, to recover damages for personal injuries to his wife, Josefina Garcia de Saenz, sustained by reason of the alleged explosion of a lamp filled with gasoline, "or some other highly explosive substance similar to gasoline," which had been delivered to plaintiff's child by Ramon Saenz, who conducted a small store at Palito Blanco, in Jim Wells county, and had been sold for coal oil by said Saenz. For cause of action against Cohn, it was alleged that he was a merchant at San Diego, in Duval county, and that he had negligently sold a barrel of gasoline or some other highly explosive substance similar to gasoline to Ramon Saenz for coal oil, and that the substance which caused the explosion, was sold by Ramon Saenz out of such barrel and sold for coal oil.

A short time before the beginning of the term of court at which the cause was tried Rufino Saenz died, and when the cause was reached for trial his wife was, in her own right and as surviving wife and as natural guardian and next friend of the four minor children of herself and husband made the plaintiff in the cause. She filed a fifth amended original petition, upon which trial was had.

Cohn answered by two pleas in abatement; a general demurrer and special exceptions; a general denial; a special plea wherein res adjudicata is pleaded; and a special plea of negligence on the part of Rufino Saenz or his wife in buying, receiving, and handling the substance, which negligence was alleged to have proximately caused or contributed to cause the alleged injuries.

Ramon Saenz answered by general demurrer and general denial, and by cross-action against Cohn, to which cross-action Cohn answered by a general and three special exceptions, a general denial, and a plea in bar.

The cause was submitted on special issues, and judgment entered upon the verdict in favor of Josefina Garcia de Saenz against Cohn for $3,500 and all costs; that she take nothing against Ramon Saenz; that Ramon Saenz take nothing by his cross-action against Cohn; and that Josefina Garcia de Saenz recover nothing in her capacity as next friend of the minor children.

The pleas in abatement are predicated upon the following facts: On January 30, 1912, the district court sustained certain exceptions of defendant Cohn to plaintiff's petition, and entered on its minutes an order reciting the sustaining of said exceptions; that plaintiff declined to amend; and that thereupon plaintiff's suit was by the court dismissed. The plaintiff appealed from such order, and this court held that there was no final judgment and dismissed the appeal. The opinion appears in 148 S. W. 367, and is referred to for such additional statement as may be appropriate to show the basis for our judgment dismissing the appeal. No order or judgment was entered expressly setting aside the order sustaining the exceptions, but on June 12, 1912, plaintiff in vacation filed his second amended original petition and procured service thereon, and was permitted to amend several times thereafter, as is shown by the fact that the trial was had on the fifth amended original petition. The appellant urges, with respect to his first plea in abatement, that the order sustaining the demurrers was a final and conclusive determination of the case as between the plaintiff and Cohn, until it is reversed, vacated, or set aside, and, with respect to the second plea, that it was too late to file an amended petition in vacation several months after such order was entered, and that the failure to file an amended petition within a reasonable time after the exceptions were sustained abates the suit.

A judgment is not divisible, and, the order relied upon by appellant not being a final judgment, it must be held to have been merely an interlocutory order, the only part of which could have any legal status being that portion sustaining certain exceptions and overruling others.

We do not deny, of course, that a judgment upon demurrer may constitute a final adjudication such as may be availed of under a plea of res adjudicata, but hold that in this case the judgment was not a final one, and therefore the cases cited by appellant are not applicable.

[1] We believe that the interlocutory order ruling on the exceptions presented by Cohn must be held not to differ from an ordinary order showing the rulings on exceptions unless such difference be caused by the fact that it recited that plaintiff declined to amend. But, as the plaintiff did amend before the following term of court, and thereafter prosecuted the suit by permission of the court, his refusal to amend at the time the ruling was made did not abate the suit.

We conclude the court did not err in overruling the two pleas in abatement and the plea in bar based upon the same facts, and therefore overrule assignments 1, 2, and 23. In support of these rulings we cite Andrews v. Richardson, 21 Tex. 295; Land & Loan Co. v. Winter, 93 Tex. 560, 57 S. W. 39; Howth v. Greer, 40 Tex. Civ. App. 552, 90 S. W. 211; Webb v. Reynolds, 160 S. W. 152.

Appellant, Cohn, urged the following special exceptions to the petition:

"It affirmatively appears from the face of plaintiff's fifth amended original petition that the alleged negligence of this defendant in selling gasoline, or some other highly explosive substance similar to gasoline, to his codefendant, Ramon Saenz, was not the proximate cause of the injuries to plaintiff, Josefina Garcia de Saenz, but, on the contrary, the negligence of this defendant's codefendant, under the circumstances stated in said petition, in retailing gasoline, or some other highly explosive substance similar to gasoline, was the proximate cause of the injuries to plaintiff, Josefina Garcia de Saenz, and therefore this defendant is in no manner whatever liable therefor."

"The petition affirmatively shows that this defendant did not sell or retail the gasoline or some other highly explosive substance similar to gasoline, which caused the injuries complained of, to either Rufino Saenz, the original plaintiff, or to Josefina G. de Saenz, his wife and the present plaintiff herein, but that this defendant's codefendant, Ramon Saenz, sold the same to Rufino Saenz or to his wife, said Josefina; and the gasoline, or other highly explosive substance similar to gasoline, alleged to have caused the injuries to plaintiff, was owned by and in the possession of codefendant, Ramon Saenz, at the time same was sold to Rufino Saenz, or to his wife, the present plaintiff, by codefendant, Ramon Saenz, and therefore the alleged act of this defendant in selling gasoline or some other substance similar to gasoline to his codefendant, Ramon Saenz, was not the proximate cause of the alleged injuries to said Josefina G. de Saenz."

"The petition does not show that this defendant ever sold, or undertook to sell, to Rufino Saenz, the original plaintiff herein, or to his wife, Josefina G. de Saenz, the present plaintiff, either coal oil, gasoline, or any highly explosive substance similar to gasoline, or any other article whatever. But it affirmatively appears from the face of the petition that it was not this defendant who sold to Rufino Saenz, the original plaintiff, or his wife, Josefina G. de Saenz, the present plaintiff, the gasoline or other highly explosive substance similar to gasoline, alleged to have caused the injuries to plaintiff Josefina D. de Saenz, but this defendant's codefendant is alleged to have sold the same to Rufino Saenz, the original plaintiff, or his wife, Josefina G. de Saenz, the present plaintiff."

These exceptions were overruled. If they be considered special exceptions, they fail to point out any defect in the pleading in such a manner as to enable plaintiff to amend. If it be conceded that the fact alone that the gasoline was owned by Ramon Saenz and sold by him conclusively shows that Cohn's negligent act in selling the same to Ramon Saenz for coal oil cannot be the proximate cause of the injury suffered, the exceptions are well taken; but certainly such a broad holding cannot be made.

[2] If the first exception be considered a general demurrer directed at the petition on the ground that it affirmatively appears therefrom that Cohn's act was not the proximate cause of the injury, we conclude that it is without merit. There is no allegation that Ramon Saenz had discovered that the substance sold him by Cohn as coal oil was gasoline at the time he sold it to plaintiff's child, or any other facts tending to show that he was guilty of any act which, independently of the negligence of Cohn, caused the injuries complained of. It is true that plaintiff charged that Ramon Saenz negligently, recklessly, and carelessly sold the substance to plaintiff's child. It is impossible to tell whether this conclusion is based on the theory that Ramon Saenz had knowledge of the dangerous nature of the substance when he delivered it to his brother's child for use in lamps, or whether it is based on the theory that it was the duty of Ramon Saenz to ascertain the nature of the substance despite the fact that it was sold him by Cohn as coal oil. The conclusion, in the absence of any facts, on which it was based, cannot be held to show any such independent act of negligence on the part of Ramon Saenz as would make it the proximate cause, and Cohn's negligence the remote cause of the injuries suffered.

[3] The court did not err in refusing to sustain an exception to the effect that the petition did not sufficiently describe or identify the substance alleged to have been sold by Cohn to Ramon Saenz. We fail to see how the description "gasoline, or some other highly explosive substance similar to gasoline," could be improved on in any way so as to more thoroughly safeguard appellant's rights, nor does appellant point out wherein he was injured by reason of being required to go to trial upon the allegation made.

The following special exception was also overruled:

"The petition does not show that this defendant owed any duty whatever to Rufino Saenz, the original plaintiff, or to his wife, Josefina G. de Saenz, the present plaintiff, and also that the injuries to plaintiff are due to a breach of such duty by this defendant; but, on the contrary, the petition affirmatively shows that this defendant owed no duty whatever to plaintiff, Josefina G. de Saenz, or to said Rufino Saenz."

[4] The only proposition urged is that it affirmatively appears from the petition that Cohn owed no duty, contractual or otherwise, to the original plaintiff or his wife, and consequently could not have been guilty of negligence to them or either of them. It is alleged that Cohn was a merchant who sold goods to Ramon Saenz, who had a small store, for purpose of resale to the public; that said Cohn negligently sold said Saenz a barrel of gasoline or some other highly explosive substance similar to gasoline, labeled "Coal Oil," instead of coal oil, which had been ordered by said Saenz, and told said Saenz it was coal oil, and oil to be used in lamps for lighting purposes. There are also allegations to the effect that Cohn knew that the Saenz store was in a community inhabited

almost entirely by Mexicans, and that said people did not use gasoline or know what it .was, and that he knew that plaintiff and her deceased husband purchased coal oil from said Ramon Saenz and would purchase the gasoline for coal oil; also allegations showing Cohn's knowledge of the dangerous properties of gasoline, and of the result which would follow from the attempt to use same in a lamp in lieu of coal oil. Some of the allegations are immaterial so far as the question under consideration is concerned. It sufficiently appears from the averments that, when Ramon Saenz ordered from Cohn a barrel of coal oil for the purpose of resale in his store, it became the duty of Cohn, not only to the purchaser, but to the public, to deliver coal oil to Saenz, and it was his duty not to deliver in lieu of coal oil a substance exceedingly dangerous when used for purposes for which coal oil is commonly used. The law imposes on every one the duty to avoid acts which are in their nature dangerous to the lives and health of others. This doctrine has been applied in numerous cases in behalf of persons who had no contractual relations with the manufacturer or seller. It has been applied when poisonous drugs have been negligently sold as harmless drugs. Case note 13 L. R. A. (N. S.) 646. It has also been applied when poisonous or unwholesome canned food is sold. Tomlinson v. Armour & Co., 75 N. J. Law, 748, 70 Atl. 314, 19 L. R. A. (N. S.) 923, and note. It is the duty of a seller of gasoline and coal oil, who knows the danger to life and health incident to the attempted use of gasoline, or any other highly explosive substance similar to gasoline, for illuminating purposes, not to sell the same as coal oil suitable for illuminating purposes. This duty he owes, of course, not only to his buyer, but, knowing that it is purchased for resale, he owes it to all who have occasion to purchase some of the substance. Kearse v. Seyb (Mo. App.) 209 S. W. 635. The seventh assignment is overruled.

[5] Ramon Saenz was permitted to testify in answer to a question as to the value of the services of Rufino Saenz at the time the latter was waiting on his wife who was suffering from injuries sustained on account of the explosion referred to in the petition, that said Rufino could not have been expected to stay there for less than $1 a day and $1 a night. This testimony was objected to on the ground that the witness had not qualified himself as an expert with respect to the value of such services. The trial court qualified the bill of exceptions by stating that the witness had shown by a previous answer that he knew the price of labor at that place, and that it was in evidence that Rufino was a laboring man. It was alleged that Rufino waited on his wife day and night for more 100 days, and was unable to go to his work during such time, and that $200 was the amount of the damages sustained by the performance of such services. However, the court did not submit to the jury the value of such services as an element to be considered by them in estimating the damages, but limited the jury to mental and physical suffering and impaired earning capacity as the elements to be taken into consideration. The testimony concerning the extent of Rufino's services in waiting on his wife was admitted without objection, and appellant introduced the testimony of the original plaintiff to the effect that his services were reasonably worth $1 a day and $1 a night. If the jury was disposed to be influenced in fixing the damages by matters they were not permitted to consider under the charge of the court, it appears to us that, had Ramon's opinion been excluded, the result would have been the same, in view of the other evidence, or even if there had been no evidence of value, .for the reason that no jury would consider such services worth less than those ordinarily performed by a day-laborer. We conclude that, if there was error in admitting the testimony objected to, such error was harmless. Railway v. Ellerd, 38 Tex. Civ. App. 596, 87 S. W. 362; Dallas v. Jones, 54 S. W. 606; Devine v. U. S. Mortg. Co., 48 S. W. 585. The eighth assignment is overruled. ·

[6] Certain bills were introduced for the sole purpose of showing what they stated concerning the substance sold. Appellant's counsel asked Ramon Saenz why he did not have Cohn receipt two of the bills, to which he answered that he did not know why; that he had "lots of them that way." Thereupon counsel stated that he did not ask about the others, but about the two in question. Objection was made that the question was immaterial. The court inquired concerning the object of the testimony, and counsel stated he was trying to impeach the witness by documentary evidence. The court said: "All right, go on. You have asked him and asked him, and the question before him now is: Why he didn't have Cohn receipt these bills?" Counsel replied: "Yes; I have asked him, and can't get any answer." Thereupon the court said: "His answer has been consistent all the way through." The two statements by the court are complained of. There is a lengthy qualification to the bill of exceptions. The witness had stated that he did not know why he did not have the bills receipted, and it is impossible to see why he should be desired to repeat the answer. The brief wholly fails to show that the testimony · was material, and it is merely contended in argument that the last remark by the court was calculated to make the jury believe that all the testimony of Saenz was consistent all the way through. The remark related simply to the one question, and must have been so understood by the jury. We do not believe that any injury to appellant resulted

from such remarks, and therefore overrule the ninth assignment.

The tenth assignment is without merit. The question by the court to which objection was made and the answer thereto did not add anything to what had been proven. Saenz had already testified that Cohn's bookkeeper wrote the word "brilliante" on the bill, and that he (Saenz) did not tell him to mark it that way. The question objected to was whether Saenz had anything to do "with giving it that name," to which the witness gave a negative reply. Appellant has not pointed out how the question and answer might mislead the jury, and we are unable to see that appellant sustained any injury by reason thereof.

[7] After testimony had been introduced to show that the injuries complained of were caused by the explosion of a tin lantern, and while the witness Arujo was testifying, plaintiff's attorney exhibited a tin lantern to the witness and elicited testimony to the effect that the lantern which exploded was similar to the one exhibited. Objection was made to exhibiting the lantern, and to the questions propounded, and a motion was made to strike out the testimony of the witness and also that of plaintiff because plaintiff had alleged that it was a lamp that exploded, and had not alleged that it was a lantern. There is no merit in any of the assignments relating to these matters. It is not made to appear how appellant could have been injured by this testimony, and we are at a loss to see how he would have been in any better position had the lantern not been exhibited, and the witness confined to his statement that it was a lantern that exploded. As to the matter of variance, we take it the general term "lamp" would include a lantern, and there is no contention that appellant was misled in any way. Assignments 11 to 14, inclusive, 17, and 21 are overruled.

[8] By assignments 15 and 16 complaint is made because the trial court refused to permit certain questions to be asked the witness Arujo concerning his testimony on a former trial. It appears from the portions of the testimony copied in appellee's statement under counter proposition to the fifteenth assignment that the witness had testified fully on each of the points involved, and his testimony was of such a character as to authorize the introduction in evidence of his former testimony. He answered that he did not remember making certain statements, and, in substance, admitted that if he did it was true, as his recollection at that time was better. The trial court did not abuse his discretion in declining to permit further questioning on the same points. The assignments are overruled.

[9, 10] Appellant, after proving by plaintiff that Ramon Saenz had talked to her a view of getting her to have this suit instituted, asked her whether said Saenz induced her to have it brought. Objection was made on the ground that the question called for a conclusion, and it was stated that there would be no objection to proof of what was said by either Saenz or her. The court sustained the objection, and made a remark to the effect that the record showed that plaintiff did not do anything until a month before the trial, referring to the fact that at that time she first became a party to the suit. The only purpose for which the testimony was admissible was to show Ramon Saenz's attitude as affecting his credibility, and that could only legitimately be accomplished by proof of what he said and did, and not by conclusions. Appellant was not deprived of any right with reference to this matter, nor could he have been prejudiced by the remark of the court. Assignments 18, 19, and 20 are overruled.

[11] After the conclusion of the introduction of evidence by plaintiff and Ramon Saenz, defendant Cohn filed a motion to dismiss the suit as to him, alleging that, while plaintiff had represented in her petition that no administration upon her husband's estate was necessary, in truth and in fact there was a necessity for an administration, that there were unsatisfied debts and claims against this estate, and that his estate consists of, among other things, the alleged cause of action relied upon in this suit. Appellant complains of the overruling of such motion. The bill of exceptions recites that it was affirmatively shown by the evidence "that there are unsatisfactory claims and debts against this said Rufino Saenz, deceased, and his estate consists of, among other things, the cause of action or an interest in the cause of action herein sued upon." The only property owned by Rufino Saenz at the time of his death was a little house worth about $100 situated on his father's land, in which he resided with his family. Rufino owed his brother a considerable sum of money, but all claims existing at the time of his death were barred by limitation, and the only claim an administrator would be authorized to pay is one for $20 incurred by the brother for the coffin in which Rufino was buried. There was no necessity for an administration. In the case of T. & P. Ry. Co. v. Watkins, 26 S. W. 760, a married woman was injured, and previous to the institution of the suit her husband died. The widow sued for herself and as next friend of their children. The court stated that proof was made that there was no necessity for an administration, although it is also stated that a small debt in doctors' bills on account of the injuries was incurred by the husband previous to his death. The plaintiff in that case sought to recover such doctors' bills, and evidently they were taken into consideration in arriving at the amount

of the judgment. The court held that the cause of action, not having been reduced to judgment during the life of the husband, could not be said to have been acquired as community property, and that after his death the wife had the right to maintain an action in her own name, for her separate use. In support of this proposition the court quoted from the case of Nickerson v. Nickerson, 65 Tex. 284, which supports the conclusion stated, and in which it is held that the rule as to the wife's right to prosecute the suit would be the same whether the suit be brought before or after the death of the husband. A writ of error was granted, but the judgment affirmed (88 Tex. 20, 29 S. W. 232), the Supreme Court stating that it had been shown that there was no administration and no necessity for an administration, and that it was not necessary to determine whether the children were proper parties plaintiff, as no injury resulted to defendant from the fact that they were joined as coplaintiffs. The holding that there was no necessity for an administration must have been based either upon a finding that there was no estate, or that the debt for doctors' bills was too trivial to show any necessity for an administration. As the little house of Rufino Saenz was his homestead, he had no estate subject to administration, unless the claim for damages to his wife, which he had not prosecuted to judgment, constituted community property. The analogy between the facts of this case and the Watkins Case above discussed, in so far as the capacity to sue is involved, is very strong. We conclude that the two cases cited support the ruling of the trial court, and therefore overrule the twenty-second assignment.

[12] The special issues, the refusal of which is complained of in assignments 24 and 25, related to matters admitted in plaintiff's petition, and nothing could be gained by their submission. The court was requested to submit the issue, "What kind of oil did the defendant M. D. Cohn through his agents and employés sell to defendant Ramon Saenz in San Diego, Tex., on or about December 21, 1910?" The issue whether Cohn sold gasoline, representing it to be oil was submitted by the court, and it was unnecessary to submit the issue requested by appellant.

The special issues submitted by the court are not subject to the objection that they are leading or indicate how the judge thought they should be answered. The objection is made that the eighth issue contains an assumption that gasoline was used in the

211 S.W.—32

lamp. The issue is subject to that construction, but when the charge is considered as a whole, and especially that part presenting the direct question whether kerosene or gasoline was sold, it is highly improbable that the jury would indulge in a critical analysis of the eighth issue for the purpose of deducing an assumption on the part of the court. It is contended that special issue No. 11 is erroneous in directing the jury to allow as damages compensation for plaintiff's impaired capacity to perform work in the past as well as in the future; there being no evidence as to the pecuniary value of the work plaintiff has performed in the past or would have performed in the future but for the alleged injuries. There is no merit in the contention that proof of pecuniary value is indispensable. The evidence was sufficient to carry the issue to the jury. Dallas Street Ry. v. Motwiller, 101 Tex. 515, 109 S. W. 918; Railway v. Lacy, 86 Tex. 244, 24 S. W. 269; Fordyce v. Withers, 1 Tex. Civ. App. 545, 20 S. W. 766; Railway v. Harris, 30 Tex. Civ. App. 179, 70 S. W. 335. Assignments 24 to 32, inclusive, are overruled.

The findings of the jury, in substance, are: That Cohn or his agents sold and delivered to Ramon Saenz a barrel of gasoline representing it to be kerosene; that Ramon Saenz sold and delivered to plaintiff through her daughter, a portion of such gasoline sold him by Cohn of his agent; that Cohn or his agent was guilty of negligence in selling Saenz such barrel of gasoline instead of kerosene oil; that such negligence was the proximate cause of plaintiff's injuries; that Ramon Saenz was not guilty of negligence in selling to plaintiff a portion of the gasoline sold him by Cohn; that the injuries were caused by an explosion of a lamp or lantern used by plaintiff, and that such explosion was due solely to the fact that gasoline was used in said lamp instead of kerosene oil; that neither plaintiff nor her husband was guilty of any negligence that contributed to her injuries; that plaintiff suffered injuries alleged by her; and that the sum which will compensate her is $3,500.

[13] Appellant contends that the great preponderance of the evidence is to the effect that he sold Ramon Saenz kerosene oil, and not gasoline; that the explosion was due to negligence of appellee; and that the verdict is excessive. We conclude that the evidence amply supports every finding made by the jury.

The judgment is affirmed.