**J. G. MOORING, Jr., Appellant,**

v.

**FRAM CORPORATION, Appellee.**

**No. 4108.**

Court of Civil Appeals of Texas.

Eastland.

Oct. 20, 1967.

Rehearing Denied Nov. 10, 1967.

Todd & Quinn, Nelson Quinn, Abilene, for appellant.

Mays, Leonard, Moore & Dickson, R. Temple Dickson, Sweetwater, for appellee.

COLLINGS, Justice.

J. G. Mooring, Jr. brought suit against Fram Corporation, seeking damages alleged to have resulted to the engine of a truck belonging to him, by reason of negligence, on the part of the defendant (1) in manufacturing and placing on the market an oil filter which had a defective return duct, (2) in failing to inspect and discover said defective return duct, and (3) in placing on the market an oil filter which was inherently dangerous and which would cause unreasonable risk and damage if placed in a motor vehicle for use. At the close of plaintiff's testimony the court withdrew the case from the jury and rendered judgment for the defendant. Plaintiff J. G. Mooring, Jr. has appealed.

 Appellant presents one point of error in which it is contended that there is ample evidence to raise a material question of fact and that the court erred in withdrawing the case from the jury and rendering judgment for the defendant. In our opinion the point is well taken. The pleadings and the evidence raise a fact question for the jury concerning negligence on the part of appellee in the manufacture of its oil filter proximately causing the damage to Mooring's truck.

It is well recognized that a manufacturer or processor is liable for the proximate results of its negligence in manufacturing or processing its product. Brown v. Howard, 285 S.W.2d 752, (Ct.Civil Apps. 1955, n. r. e.); Cruz v. Ansul Chemical Company, 399 S.W.2d 944–947, (Ct.Civil Apps. 1966, n. r. e.); Ford Motor Company v. Puskar, 394 S.W.2d page 1, (Ct.Civil Apps.1965), modified and affirmed by Supreme Court, 417 S.W.2d 262. In 65 C.J.S. Negligence § 100(2), pages 1078, 1079 and

1080 the statement of the rule is, in effect, that a manufacturer of an article which is inherently or imminently dangerous, or becomes so when applied to its intended use in the usual and customary manner, is liable to one, who, without fault suffers damage to his person or property which is the natural and proximate result of negligence in the manufacture of the article, if the damage might have been reasonably anticipated. The rule is held to be applicable irrespective of privity or any contractual relationship between the parties. 65 C.J.S. Negligence § 100(3), pages 1106 and 1107. Also see Shamrock Fuel and Oil Sales Company v. Tunks, 406 S.W.2d 483, (Ct.Civ.Apps. 1966, no writ history); Cohn v. Saenz, 211 S.W. 492, (Ct.Civ.Apps. 1919, writ ref.). The last cited Court of Civil Appeals cases involved the placing on the market and sale of dangerous explosive substances. They held that privity of contract was not required in tort actions because the duty owed by one who places such a substance on the market extends not only to the immediate buyer, but, since the purchase is for resale, the duty is owed to all who thereafter have occasion to purchase the product and use it for its intended purpose.

The record in the instant case shows that appellant was the operator of commercial trucks in the Abilene area. He left one of his trucks at a Conoco Station in Abilene and the oil filter in question was installed therein. The pleadings and the evidence show that Fram Corporation was the manufacturer of the filter. The evidence also indicates that the filter was the proper Fram filter for use in the truck, in that it was "the right number", and that it "was put on the way it should have been." The filter was thus properly applied to its intended use.

The evidence shows that shortly after the filter was installed in appellant's truck and when the truck was in use on the highway, the engine overheated and was damaged to such an extent that a repair of the entire engine was necessary. A mechanic who qualified as an expert witness testified that when the truck was brought to him he found that the return duct in the oil filter had separated from the lid or top of the filter, and that in his opinion the separation was caused by pressure building up in the filter due to the lack of adequate perforations in the return duct to allow the oil to flow freely from the filter into and through the return duct back into the engine; that the pressure was still so great when he opened the case by taking off the top "the lid went about ten feet in the air, just covered all over the left-hand side of that truck with oil." The witness testified that the separation of the return duct from the lid or top of the oil filter had allowed filtering material to flow through the oil system and engine of appellant's truck, stopping up the oil galleries and pump and other parts of the engine, thereby starving the engine for oil and causing the injury and damage complained of. He stated that the oil comes straight from the oil pump through the oil filter and then to the bearings; that the oil in passing through the filter is cleansed before it gets to the crankshaft and bearings. The filter in question was introduced in evidence. It was cylindrical in shape and about fourteen inches long. The perforated return duct ran through the entire length of the filter. The expert witness stated, in effect, that perforations on the return duct should have been drilled the full length of the duct from top to bottom, inside the filter; that other filters of Fram Corporation which he examined had such perforations extending the full length of the return duct; that the perforated portion of the return duct of the filter complained of measured only approximately one and one-half inches in length. The witness stated that such perforations were not sufficient to permit the circulating oil to get into the return duct. He stated in effect that the pressure from the pump necessary to circulate the oil and the congestion of the filtered material in the inadequate perforations resulted in a pressure building up within the filter which caused the separation of the return duct from the top of the filter. He stated that this was the reason for the damage to the engine of appellant's truck. In our opinion the pleadings and evi-

464

dence raise a fact question concerning negligence on the part of appellee, Fram Corporation, in the manufacture of its oil filter proximately causing the damage to the engine of appellant's truck.

The court erred in withdrawing the case from the jury and rendering judgment for appellee.

The judgment is reversed and the cause is remanded.