NANNIE McNEIL, Respondent, v. CITY OF CAPE GIRARDEAU, Appellant.

Springfield Court of Appeals, February 6, 1911.

1, INSTRUCTIONS: Personal Injuries: Damages: Impairment of Earning and Labor Capacity: Evidence. In a suit for damages for personal injuries, plaintiff was a married woman and the evidence did not show that prior to the injury plaintiff had been earning anything. *Held*, that it was improper to instruct the jury that in estimating her damages they should assess a reasonable compensation for any permanent impairment of plaintiff's earning capacity. *Held further*, that it was proper to instruct the jury they might take into consideration the impairment of plaintiff's capacity to perform labor.

2. PERSONAL INJURIES: Damages: Impairment of Earning and Labor Capacity: Evidence. In order to permit the jury to consider as an element of damages in a personal injury suit, the impairment of plaintiff's capacity to perform labor, it is not necessary to offer proof of what the injured party's earnings were at the time of the injury, but there is a distinction between capacity to perform labor and earning capacity. To recover for loss of earning capacity there must be evidence tending to show the injured party's earnings prior to the injury and to what extent it had been impaired.

3. EVIDENCE: Negligence: Defective Sidewalks: Evidence of Condition. In a suit for damages against a city for injury received by plaintiff in falling over a loose board in a sidewalk, *held*, that in showing the condition of the sidewalk at place of the injury plaintiff should not be restricted to the particular board, yet the testimony should be restricted to the condition of the walk in the immediate vicinity of the injury, and that it was error to admit evidence showing the condition of the walk along the entire block.

4. ——: ——: ——: Evidence of Other Accidents. In a suit for damages for personal injuries received by plaintiff in tripping over a loose board in a sidewalk, although it is competent for witnesses to testify as to the condition of the walk at or near the place of the injury, and to permit them to state that the boards had tipped up when they were passing over the walk, as tending to explain how they knew the boards were loose, yet it was error and prejudicial to defendant's case to permit them to testify that in passing over this walk they had tripped on the loose boards and fallen by reason thereof.

Appeal from Cape Girardeau Court of Common Pleas.
—*Hon. Robert G. Ranney*, Judge.

REVERSED AND REMANDED.

*Frank Kelly* for appellant.

(1) The court erred in admitting incompetent testimony concerning the sidewalk. Smart v. Kansas City, 91 Mo. 594; Stout v. Columbia, 118 Mo. App. 444; Calcaterra v. Iovaldi, 123 Mo. App. 347; Goble v. Kansas City, 148 Mo. 470. (2) To submit an instruction not supported by evidence is error and if damages are asked for loss of earning or profits, evidence as to its value must be submitted. Duke v. Railroad, 99 Mo. 347; Slaughter v. Railroad, 116 Mo. 274; O'Brien v. Loomis, 43 Mo. App. 29; Mammemberg v. Railway, 62 Mo. App. 568; Stoetzle v. Swearinger, 96 Mo. App. 592.

*A. P. Stewart* and *John J. O'Connor* for respondent.

(1) The defendant is liable in damages for plaintiff's injuries. Norton v. St. Louis, 97 Mo. 537; Bierman v. St. Louis, 120 Mo. 457; Baustian v. St. Louis, 152 Mo. 325; Weithaupt v. St. Louis, 158 Mo. 655; Coffey v. Carthage, 186 Mo. 582; Benton v. St. Louis, 217 Mo. 700; Beaudeau v. Cape Girardeau, 71 Mo. 395. (2) Defendant denied knowledge of the unsafe condition of the sidewalk, which was less than 200 feet in length, hence the testimony of Mrs. Kidean and Mr. Crawford, witnesses for plaintiff, that they tripped over loose boards in the sidewalk at different points near where the plaintiff fell, a month or more prior to the happening of plaintiff's injury, was competent to show that the sidewalk was in such an unsafe condition so long and continuously prior to her fall as to impart notice of its condition to defendant prior to the happening

of plaintiff's injury. Busher v. Aurora, 71 Mo. App. 423; Huff v. Marshall, 97 Mo. App. 542; Marler v. Springfield, 65 Mo. App. 301; Norton v. Kramer, 180 Mo. 536; Neff v. City of Cameron, 213 Mo. 353; Wright v. Kansas City, 187 Mo. 679. (3) The loss of power to labor is a distinct loss, for which damages may be recovered, even though. the loser never used said power. In other words the loss of power to earn through the performances of labor is a distinct element of damage separate and apart from the loss of earnings. Perrigo v. St. Louis, 185 Mo. 290; Cullar v. Railroad, 84 Mo. App. 346; Jordan v. Railroad, 138 Mass. 425; Railroad v. Jacobs, 88 Ga. 652; Powell v. Railroad, 77 Ga. 200.

COX, J.—Action for damages caused by a fall upon the sidewalk on the east side of Lorimer street in defendant city. Judgment for plaintiff for two thousand dollars, and defendant has appealed.

The allegation of the petition is that plaintiff was tripped and caused to fall by a loose board in the walk as a result of which her left arm was broken, and alleged damages resulting from said injuries as follows:

"She has suffered great pain of body and anguish of mind and will continue to suffer pain in the future, and that the fracture of the bones of her said left arm has caused said arm to be permanently disfigured and injured, which has greatly and permanently impaired and lessened her capacity to perform labor, and thereby will permanently impair her earning capacity, and cause her to suffer great personal inconvenience, all to her great damage in the sum of ten thousand dollars".

. The evidence on the part of plaintiff discloses that the plaintiff and her husband were walking upon the sidewalk on the east side of Lorimer street in the city of Cape Girardeau, and that when some distance south of Independence street her husband stepped upon a loose board in the sidewalk, when the board tilted, she

tripped upon it, fell and broke her arm. The evidence also tended to show that the walk had been out of repair for from six weeks to two months, and it is conceded in this court that the plaintiff made a prima facie case but it is insisted that error was committed in the giving of instructions and in the admission of testimony.

The instruction complained of was one relating to the measure of damages in which the jury are told that in estimating plaintiff's damages they should assess, together with other elements of damages, the following:

"A reasonable compensation for any permanent impairment of her earning capacity or capacity to perform labor through her said injury to her said arm."

There was no evidence to show that plaintiff was at the time of the injury, or prior thereto had been, earning anything. There was no evidence that she was engaged in any kind of employment. The only testimony relating to that matter shows that she and her husband were boarding and at the time she fell she was returning from the place where she was taking her meals to her home. It is now insisted by appellant that it was error to permit the jury to take into consideration impairment to plaintiff's earning capacity without having first proven what her earning capacity was. It will be noticed that the quotation from the instruction above given couples together the earning capacity and the capacity to perform labor. It was entirely proper to tell the jury that they might take into consideration, in estimating the damages of plaintiff, any impairment of her capacity to perform labor. To impair one's ability to perform labor is an injury to personal right, and by reason of that fact, is a proper element of damages whether the ability to perform labor is being used by the injured party or not. Hence, in order to permit the jury to consider this as an element of damages it is not necessary to offer proof of what the injured party's earnings were at the time. [Perrigo v. St. Louis, 185 Mo. 274, 84 S. W. 30; Culler v. The Railroad, 84 Mo. App.

340; McRae v. Metropolitan Street Ry. Co., 125 Mo. App. 562, 102 S. W. 1032.]

An impairment of earning capacity, however, is a very different thing and stands upon an entirely different basis. The capacity to perform labor and earning capacity are not one and the same thing. A person's physical ability to perform labor might be entirely destroyed without his earning capacity being to any extent lessened. The earning capacity of a man depends upon the business in which he is engaged or the salary which may be paid him, and to permit the submission of loss of earning capacity to the jury as an element of damages there must be testimony to show what the earning capacity of the injured party was, and to what extent it has been impaired by the injury received. [Davidson v. The Transit Co., 211 Mo. 320, 109 S. W. 583; Slaughter v. Metropolitan St. Ry. Co., 116 Mo. 269, 23 S. W. 760; O'Brien v. Loomis, 43 Mo. App. 29; Stoetzle v. Sweringen, 96 Mo. App. 592, 70 S. W. 911; Boyce v. C. & A. Ry. Co., 120 Mo. App. 168, 96 S. W. 670; Grout v. Central Electric Ry., 121 S. W. 891.]

The instruction, therefore, in so far as it permitted the jury to take into consideration impairment of plaintiff's earning capacity was erroneous by reason of the fact that there was no testimony upon which to base it.

It is contended that error was committed in the admission of testimony. Witnesses were permitted to testify on behalf of plaintiff as to the condition of the walk along the east side of Lorimer street all the way between Independence and Meriwether streets—a distance of one block. Plaintiff, in her testimony, located the place of the injury a short distance south of Independence street. To show the condition of the walk at the place of the injury the plaintiff should not be restricted to the particular board which caused her to fall, but the testimony should have been restricted to

the condition of the walk in the immediate vicinity of the injury, and we think that to show the condition of the walk along the entire block was extending the limit too far. Witnesses were also permitted to testify that in passing over this walk they had tripped on loose boards and some of them had fallen by reason thereof. We think this erroneous as tending to prejudice the jury against the defendant. It was competent for witnesses to testify as to the condition of the walk at or near the place of the injury, and in explaining how they knew it to have been out of condition we think it proper to have permitted them to state that the boards had tipped up when they were passing over the walk for that might be the means of their knowledge that the boards were loose, but there is no reason why they should be permitted to say that they had fallen by reason of the loose boards. Such testimony could not assist plaintiff's case and might prejudice defendant's case, and, therefore, should have been excluded.

For the errors noted the judgment will be reversed and the cause remanded. All concur.