## TEXAS CITY TRANSP. CO. v. WINTERS.
### (No. 145–3083.)

(Commission of Appeals of Texas, Section B. June 9, 1920.)

1. **Appeal and error ⊙➡1082(1)—Assignments not presenting questions of substantive law not within jurisdiction of Supreme Court.**

Assignments of error, not presenting questions of substantive law, are not within the jurisdiction of the Supreme Court, on writ of error to Court of Civil Appeals.

2. **Master and servant ⊙➡103(2)—Injuries to servant charged with duty of making working place safe not actionable.**

If under the terms of the employment the employé was charged with the duty of seeing that the walls of an excavation are safe for himself and those working under him, recovery cannot be had by him for injuries based on his dereliction in performance of that duty.

3. **Trial ⊙➡350(2)—Rule with respect to submission of special "issues of fact" stated.**

Every issue of fact presented by the pleadings and supported by evidence must be submitted to the jury, where requested by either party; "issues of fact" meaning, not the various controverted specific facts which may enter into the main issues of fact, but only the independent ultimate facts which go to make up plaintiff's cause of action and defendant's ground of defense.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Issue of Fact.]

4. **Appeal and error ⊙➡974(1) — Trial ⊙➡352(1)—Mode of presentation of ultimate issues of fact to jury will not be reviewed.**

If ultimate issues of fact are fairly presented to the jury, the mode of presenting them by the trial court is discretionary and will not be reviewed.

5. **Appeal and error ⊙➡218(2) — When too great generalization in submission of special issues will not be reviewed stated.**

Too great a generalization by the trial court in submitting ultimate issues of fact to the jury will not be reviewed, even upon timely objection, in the absence of correct special issues tendered by the objecting party, unless there is affirmative error in the issues submitted by the court.

6. **Trial ⊙➡350(6)—Special issue as to duty of placing material for curbing walls in excavation held improperly refused.**

In an employé's action for injuries sustained by the caving in of a side of an excava-

tion, a special issue as to whether the duty rested on the master to place in the excavation material for curbing the wall, and, if so, whether the master failed in that duty, and, if so, whether employé in the exercise of ordinary care could have obtained the material, was improperly refused, where sustained by evidence.

7. **Trial ⊙➡350(6)—Special issue as to whether failure to warn was proximate cause of injury held improperly refused.**

In employé's action for personal injuries sustained by caving in of wall of excavation, a special issue as to whether the failure of the master's engineer to warn plaintiff of the dangerous condition of the wall was the proximate cause of the injury held improperly refused, where sustained by evidence.

8. **Appeal and error ⊙➡1062(2)—Refusal of special issue as to safe place to work held harmless error.**

In employé's action for personal injuries sustained by the caving in of a wall of an excavation, refusal of a special issue as to whether duty of placing in the excavation material for curbing the wall rested on defendant, and whether he failed therein, and whether the employé by his exercise of ordinary care could have obtained material, held harmless error.

9. **Appeal and error ⊙➡1062(2)—Refusal of special issue as to failure to warn as proximate cause held harmless error.**

In employé's action for personal injury sustained by the caving in of a wall of excavation, refusal of a special issue as to whether the failure of defendant's engineer to warn plaintiff of dangerous conditions was the proximate cause of the injury held harmless error.

10. **Master and servant ⊙➡286(3)—Evidence held to raise issue as to employé's duty to make place of work safe.**

In a foreman's action for injury by caving in of a wall in an excavation, evidence held to raise the issue as to whether the duty to see to the safety of the wall rested on plaintiff.

Error to Court of Civil Appeals of First Supreme Judicial District.

Action by C. E. Winters against the Texas City Transportation Company. Judgment for plaintiff was affirmed (193 S. W. 366), and defendant brings error. Reversed and remanded, as recommended by the Commission of Appeals.

W. T. Armstrong, of Galveston, and Eugene A. Wilson, of Brownwood, for plaintiff in error.

Frank S. Anderson and Aubrey Fuller, both of Galveston, for defendant in error.

McCLENDON, J. C. E. Winters, the plaintiff, while in the employ of the Texas City Transportation Company, the defendant, as a carpenter foreman, superintending at the time the construction of concrete forms in an excavation at Texas City, received personal

injuries, caused by a caving in of a portion of one of the sides of the excavation. Plaintiff brought this suit against defendant to recover compensatory damages for said injuries. The Court of Civil Appeals affirmed a judgment of the trial court in favor of plaintiff, rendered upon a verdict, upon special issues. 193 S. W. 366.

[1] Defendant presents in this court seven assignments of error. The last two of these relate to the action of the trial court in refusing to strike out certain testimony as hearsay, and the refusal to permit defendant to introduce certain portions of plaintiff's pleadings. These assignments do not present questions of substantive law, and are not, therefore, within, the jurisdiction of the Supreme Court.

The other five assignments, eliminating duplication, relate to the refusal of three special issues requested by defendant and objection to the first special issue submitted to the jury, which special issues were in substance:

(1) Defendant's refused special issue No. 14, calling for a finding whether the duty to see to the safety of the walls of the excavation rested upon the plaintiff.

(2) Defendant's refused special issue No. 16, calling for a finding whether the duty rested upon defendant to place in the excavation material for curbing the walls; and, if so, whether defendant failed in that duty; and, if so, whether plaintiff by the exercise of ordinary care could have obtained the material.

(3) Defendant's refused special issue No. 13, calling for a finding whether the failure of C. A. Stevens, defendant's engineer, to warn plaintiff of the dangerous condition of the walls was the proximate cause of plaintiff's injury, in the event the jury should find that Stevens knew of such dangerous condition.

(4) The trial court's special issue No. 1 submitted to the jury reading: "Did the defendant exercise reasonable care to furnish plaintiff a safe place to work?"

The Court of Civil Appeals held that defendant's special issues Nos. 14 and 16 were properly refused, because there was no evidence of probative force to support them. With regard to defendant's special issue numbered 13 above, the court held that they were unable to determine whether the requested issue related to contributory negligence of plaintiff or to the proximate cause of his injuries, but that in either event no error was presented, because the case was within the Employers' Liability Act, which abolished the fellow servant defense, and because the court in issue No. 9 properly submitted the issue of proximate cause.

The objection urged to special issue No. 1 was that the whole matter of negligence was condensed into one issue, whereas a number of issues were tendered by the pleadings. This contention was overruled, upon the ground that the only issue presented by the pleadings and supported by the evidence was whether defendant had negligently failed to furnish plaintiff a safe place to work, and that all other issues were incidental thereto and evidentiary. It will thus be seen that the questions here presented are more or less interrelated, and in order to determine the correctness of the holdings of the Court of Civil Appeals a clear understanding of the issues presented by the pleadings is essential.

[2] It may be stated at the outset that, although the general duty of furnishing plaintiff a safe place in which to work rested upon the defendant, yet if, under the terms of plaintiff's employment as a carpenter foreman, he was charged with the duty of seeing that the walls of the excavation were safe for himself and those working under him, recovery cannot be had by him, based upon his own dereliction in the performance of that duty. The pleadings of both parties are very fully set out in the opinion of the Court of Civil Appeals. A careful analysis of them leads to the conclusion that the following issues were clearly presented thereby: First, whether the duty to see to the safety of the walls of the excavation rested upon plaintiff; second, whether defendant negligently failed to furnish plaintiff a safe place to work; third, whether the duty rested upon defendant to furnish plaintiff with material to brace the walls, and it failed in that duty; and, fourth, whether defendant's engineer in charge knew of the dangerous condition of the wall and failed to warn plaintiff thereof. The last three of these issues are raised by plaintiff's pleadings in alleging primary negligence on defendant's part; the first issue is raised by defendant's answer.

[3-5] Considering first special issue No. 1, it is quite evident to our mind that the objection thereto is not well taken. The general rule laid down by the authorities with respect to the submission of special issues is that every issue of fact presented by the pleadings and supported by evidence must be submitted to the jury, where requested by either party. So far the law is mandatory. The particular manner in which the issues are presented is largely discretionary with the trial court. By the expression "issues of fact" is not meant the various controverted specific facts, which may enter into the main issues of fact, but only the independent ultimate facts which go to make up plaintiff's cause of action and defendant's ground of defense. If such ultimate issues of fact are fairly presented, the mode of presenting them by the trial court will not be reviewed. Nor will too great a generalization by the trial court be reviewed, even upon timely objection, in the absence of correct special issues tendered by the objecting party, unless there is affirmative error in the issue submitted by the court. This

subject is very ably and exhaustively treated by the Supreme Court of Wisconsin in Baxter v. Railway, 104 Wis. 307, 80 N. W. 644.

[6, 7] The question of defendant's negligent failure to furnish a safe place to work in our opinion presented a single issue of fact, independent of any of the other three issues embraced in the pleadings. It is true that the duty to warn is sometimes treated under the general duty of the master to furnish his servants a safe place to work; but, when so treated, it does not arise, except in those cases where from its very nature the making of the place safe is rendered impossible, or, as a secondary duty, where the master has failed in the primary duty to furnish a safe place to work. The duty to warn, as presented by the pleadings here, arises independently of the general duty to furnish a safe place to work, under the allegation that defendant's engineer had actual knowledge of the danger. The theory presented is that, even though plaintiff rested under the duty to see that the walls were safe, yet the actual knowledge of the engineer that a particular danger existed, and that plaintiff was subjecting himself thereto, imposed a new duty to warn plaintiff of that danger.

The same reasoning applies to the issue of furnishing plaintiff with material to brace the wall. The duty to furnish material necessarily presupposes a duty in plaintiff to use the material for making the wall safe, and could not arise if the duty to make the wall safe was upon defendant. It follows from what we have said that each of the three refused special issues should have been given, if there was evidence to support them.

[8, 9] With regard to the sixteenth and thirteenth special issues, however, we have concluded that, although supported by evidence, their refusal upon the request of defendant was harmless. These issues were tendered by plaintiff's pleadings, and presented grounds of recovery based upon acts of primary negligence on defendant's part. They in no way related to any matter of defense to the action as submitted to the jury. The only ground of recovery which the trial court submitted was embraced in special issue No. 1: Whether defendant negligently failed to furnish plaintiff a safe place to work. If that issue had been answered favorably to defendant, it would have been the duty of the trial court to render judgment for the defendant. The power of the trial court to substitute its findings, where none have been made by the jury does not admit of a finding by the court upon an independent ground of recovery which the party alleging it does not urge. In such case, the issues submitted will be treated as embracing the only grounds upon which recovery can be had; and the failure of plaintiff to tender an issue not submitted by the court will be treated as a waiver or abandonment thereof.

[10] Upon the issue of whether the duty rested upon plaintiff to see that the place was safe, E. B. Rhodes, who was defendant's superintendent, gave the following testimony:

"Mr. Winters was foreman of the carpenter work in the excavation in which he received his injury on the 8th day of January, 1915. By reason of my experience and knowledge gained as superintendent of the two concerns, I know the duties and responsibilities resting upon a foreman of the character that Mr. Winters was at that time. In the work that Mr. Winters engaged in, in that excavation, on the 8th of January, it was his duty to look after the question of the safety, and so on, of the walls of that excavation. That is what he was there for."

Upon cross-examination, this witness testified that Winters was employed by and received his instructions from Mr. Stevens, the engineer of the company, who had since died, and that he knew the duties imposed upon Mr. Winters by Mr. Stevens. In addition to this, several witnesses testified that bracing had been placed in a portion of the ditch by or under the direction and supervision of the plaintiff. We think the probative force of this testimony was such as to raise the issue under consideration, and that the trial court committed error in refusing it.

We conclude that the judgments of the Court of Civil Appeals and District Court should be reversed, and the cause remanded to the latter for a new trial.

PHILLIPS, C. J. We approve the judgment recommended in this case and the holding of the Commission with respect to the refusal of special issue No. 14.