## TEXAS & P. RY. CO. v. PERKINS.
### (No. 338.)

(Court of Civil Appeals of Texas. Waco. April 15, 1926. Rehearing Denied May 20, 1926.)

**1. Trial ⬨350(1).**

All controverted issues of fact made by pleadings must be submitted when case is submitted on special issues.

**2. Trial ⬨350(5)—Evidence as to other possible causes of injury, though admissible to aid in determining whether exposure due to wreck of train caused injury, does not, in absence of pleading, require submission of special issue to jury.**

Testimony showing that passenger's injuries might have resulted from some other cause than exposure suffered during delay caused by wreck of defendant's train, though admissible to aid jury in determining issue whether exposure caused injury is evidentiary only, and does not in absence of pleading require submission of special issue to jury.

**3. Trial ⬨350(2).**

Matters purely evidentiary should not be specifically submitted, but special issues should be confined to ultimate controlling issues.

**4. Trial ⬨351(5).**

On submission of issue made by pleadings and evidence, court is not required on request to submit it in another form.

**5. Damages ⬨221—Evidence held not to require submission of special issue whether passenger's injuries resulted from any other cause than exposure during delay caused by wreck of train.**

Evidence held not to require submission of special issue whether injury to passenger, a widow 61 years old, resulted from any other cause than exposure during delay caused by wreck of train.

**6. Trial ⬨350(5)—Negative testimony by party to suit as to exposure other than that due to wreck of defendant's train causing injury held not to require submission of special issue thereon.**

In absence of affirmative testimony of any other exposure causing injuries to passenger than that due to wreck of defendant's train, plaintiff's negative testimony thereon did not require submission of special issue thereon merely because she was party to suit and interested in result.

**7. Damages ⬨38—Loss of working capacity held properly considered in determining compensation to passenger for injuries disabling her from doing work of mother, housewife, and farm manager.**

In passenger's action for injuries caused by wreck of train, consideration of loss of working capacity in determining compensation held proper, where evidence showed that injuries disabled passenger from doing her work as mother, housewife, and manager of farm.

**8. Damages ⬨96—Injured passenger's right to compensation for decreased capacity to care for herself and family is to be assessed by jury in its sound discretion.**

Right of injured passenger to compensation for decreased capacity to care for herself and family is not limited by existing necessity for such labor nor amount thereof customarily performed at or immediately prior to injury, but is to be assessed in sound discretion of jury.

**9. Damages ⬨208(4)—Slight evidence authorizes submission of decreased earning capacity as element of damage, when blended with issue of decreased capacity to labor.**

When issue of decreased capacity to labor is blended with issue of decreased capacity to earn money by performing labor, slight evidence will authorize submission of decreased earning capacity as an element of damages.

**10. Carriers ⬨321(23)—Requested instruction not to allow damages to passenger for injuries from want of fire in depot to which passenger was returned after wreck held properly refused under pleadings setting forth railway's duty during entire delay caused by wreck.**

Where passenger alleged that railway's duty to her continued during entire time that train was delayed by wreck, including time spent at depot to which she was returned while waiting for railway to complete transportation, requested charge that no damages could be allowed for suffering caused by lack of fire in depot held properly refused as exposure causing injury was not limited to place of wreck.

**11. Damages ⬨132(1)—Verdict of $10,000 to widow 61 years old, contracting chronic bronchitis and cystitis, and suffering pain resulting from exposure, held not excessive.**

Verdict of $10,000 to widow 61 years old, contracting chronic bronchitis and cystitis, and suffering pain and loss of energy as result of exposure, due to wreck of defendant's train, held not excessive.

Appeal from District Court, Tarrant County; H. S. Lattimore, Judge.

Suit by Mrs. Nannie Perkins against the Texas & Pacific Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

---

⬨For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Thompson, Barwise & Wharton and F. B. Walker, all of Fort Worth, for appellant.

Houtchens & Clark, of Fort Worth, for appellee.

GALLAGHER, C. J. This is an appeal from a judgment for damages for personal injuries recovered by Mrs. Nannie Perkins, appellee herein, against Texas & Pacific Railway Company, appellant herein. The parties will be designated as in the trial court. The suit was originally against J. L. Lancaster and Chas. L. Wallace as receivers of said railroad, but, upon their discharge, the railroad company was also made a party defendant. The facts necessary to an understanding of the points discussed will be stated in the proper connection. There was a trial before a jury, a verdict in response to special issues and judgment in favor of the plaintiff against the defendant railway company for $10,000, and against the plaintiff in favor of the other defendants.

The first group of points consists of four several propositions. These propositions present for consideration as grounds for reversal the refusal of the court to give a peremptory charge in favor of the railway company, and assail the findings of the jury on the issues of negligence, proximate cause, and contributory negligence as being without support in the evidence, and contrary to the great preponderance thereof. We have carefully examined the facts in evidence. A recital of the same would not be of any precedential value. We are of the opinion that the findings complained of are sufficiently supported by the evidence, and that the court did not err in refusing to give a peremptory instruction to find for said defendant.

The second group of points consists of six several propositions. These propositions present as grounds for reversal the action of the court in refusing to submit certain special issues duly requested by the defendant, and in the alternative complain of the failure of the court to submit in some proper form issues involving the facts inquired about in said requested issues.

The plaintiff, Mrs. Nannie Perkins, testified that she was 61 years old, and a widow; that she resided in Fort Worth with a married daughter; that she left home on December 23, 1923, on a trip to El Paso over said railroad; that she stopped at Colorado City to visit a daughter, resuming her journey to El Paso about midnight on December 26th; that about 6:30 next morning several coaches in the train on which she was traveling were derailed a few miles west of Toyah; that the coach in which she was riding was among those derailed; and that it was tilted to one side so that there was apparent danger of its turning over; that she was ordered to get out of the car by the conductor, and that she did so; that she asked him several times if she could get back into the coach, and he advised her not to do so, stating that it was liable to turn over; that he finally stated he guessed she could get back into the coach, and that she then did so; that she remained out of the train and on the ground for several hours, and suffered severely from cold; that about 2 or 3 o'clock in the afternoon she was instructed to get into a Pullman at the rear of the train and go back to Toyah; that she did do so, and was taken back to that station; that she got off the coach at the depot; that she found no fire in the waiting room, and found it warmer on the sunny side of the depot, and stayed there until about 5 o'clock, when she was told to get on the train; that she did get on the train and proceed thereon to El Paso; that she was thoroughly chilled all day; and that she remained chilled all the way to El Paso. There was evidence corroborating her to some extent with reference to the condition of the weather during the day of the wreck, and also evidence tending to show that the weather on that day was mild, and that other women stayed out of the coaches at the scene of the wreck during practically the whole time without suffering any discomfort. Mrs. Perkins further testified that before she started on said trip she was in fine health, and did not have any cold whatever; that when she arrived at El Paso she went to bed; that she had chills and fevers continuously for about 6 weeks, and suffered almost continuously from rigors, requiring hot irons to her feet when she was in bed, and requiring her to be wrapped in blankets when she attempted to sit up; that at first the pain and cold in her chest were so severe that she thought she had contracted pneumonia; that she did develop bronchitis and cystitis; and that both of said ailments had become chronic, and had been continuously, and were at the time of the trial, attended with headaches and frequent temperatures; that she had become greatly emaciated, had lost both energy and strength, and suffered severe pain almost continuously; that none of said conditions existed before she suffered such exposure on the day of said wreck; and that they began to develop immediately after such exposure.

The jury, in response to special issues submitted by the court of his own motion, found: (a) That the plaintiff became chilled and cold on the occasion of the derailment of said train while she was waiting for the defendant to complete her transportation to El Paso; (b) that she suffered substantial injury therefrom; (c) that the defendant through its agents and employés ordered the plaintiff to get off of said train; (d) that the defendant did not provide plaintiff a place for her to remain where her health would not be endangered while waiting for repairs

to the track to be made; (e) that such failure was negligence; (f) that such negligence was the proximate cause of her injuries.

The court, at the request of defendant, submitted certain special issues, among which were the following, which were answered as indicated:

"(19) Did the plaintiff get off the train at or near Toyah, Tex., on the occasion in question? Answer: Yes."

"(25) Did the plaintiff get out of the car where she was riding at the time of the wreck in question? Answer: Yes."

"(26) Could the plaintiff have returned to said car after getting out? Answer: No."

"(15) Was the plaintiff injured as a result of getting cold while out of the cars at or near Toyah, Tex., on the occasion in question? Answer: Yes."

"(16) Was such cold caused by reason of the plaintiff's being outside of the cars on the occasion in question? Answer: Yes."

"(24) Did the plaintiff sustain her injuries solely as a result of getting off the car? Answer: Yes."

The several special issues so requested by defendant and refused by the court were as follows:

"(a) Were the plaintiff's injuries, if any, occasioned solely by riding in and around Colorado City, Tex.? Answer 'Yes' or 'No.'

"(b) Were the conditions of health of which plaintiff complains herein existing at and prior to the time of the alleged wreck in this case? Answer 'Yes' or 'No.'

"(c) Were the plaintiff's injuries if any, occasioned solely by reason of the usual incidents of a trip by rail from Fort Worth, Tex., to El Paso, Tex.? Answer 'Yes' or 'No.'

"(d) Were plaintiff's injuries, if any she received, caused solely by reason of her physical condition at the time she made the trip from Fort Worth to El Paso, Tex.? Answer 'Yes' or 'No.'

The plaintiff contends that the action of the court in refusing to submit said issues was proper, and should be sustained on the ground that none of said issues were raised by the pleadings or evidence, and on the further ground that the same, and all the same, were covered by the main charge and by the special issues bearing on the matters involved which the court submitted at the request of the defendant, as hereinabove set out.

The plaintiff alleged that she was in good health when she started on said trip; that she stopped at Colorado City and resumed her journey some 36 hours later from there. Her petition contains no allegation concerning how or where she spent the time while at Colorado City. She set out the facts concerning the wreck and her exposure and suffering in connection therewith and the completion of her journey to El Paso. She attributed all the injuries complained of to her exposure at the time of the wreck. Defendant answered these allegations by a general denial and by a special plea denying negligence, and fur-

ther denying that the injuries complained of by plaintiff were the proximate result of any negligence on its part. Plaintiff testified that she was in good health at the time she began said journey; that she was comfortable all the way from Fort Worth to Colorado City; that she visited in Colorado City, and also made a visit in the country about eight miles from there, going to and fro in a Ford car. She denied any discomfort or exposure during any part of her stay in Colorado City and also during any part of her journey from Fort Worth to El Paso, except during the time she was delayed by said wreck. She was corroborated by other witnesses concerning her state of health when she started on the trip. No other witness testified to any incidents of the trip from the time she left Fort Worth until she arrived at El Paso, except as to her situation and actions and the conditions existing during the delay caused by the wreck. The defendant proved by Dr. Sheddan, a witness for plaintiff, in substance, that a person catches cold when the pores of the skin are open, not when he is cold, but when he is hot and then gets cold; that whether a person who has been in a warm coach all night and gets put in a higher altitude would take cold would depend on atmospheric conditions, the humidic condition of the atmosphere when he stepped out; that plaintiff, on account of her age, would be more susceptible than a young, healthy woman; that riding from Fort Worth to Colorado City would lower her vitality; and that, if she rode around in an automobile after arriving there she might or might not catch cold.

[1-3] When a case is submitted on special issues, the court is required to submit all controverted issues of fact made by the pleadings. R. S. art. 2190; Fox v. Dallas Hotel Co., 111 Tex. 461, 475, 240 S. W. 517; G., C. & S. F. Ry. Co. v. Gorman, 112 Tex. 147, 152–154, 245 S. W. 418, 419, par. 2; Hutchenrider v. Smith (Tex. Com. App.) 242 S. W. 204, 209, 210, par. 5; Payne v. Baker (Tex. Com. App.) 258 S. W. 466, 467, 468; Gerhart v. Harris County (Tex. Civ. App.) 244 S. W. 1103, 1107, par. 3; Kennedy v. Wheeler (Tex. Civ. App.) 268 S. W. 516, 521, par. 8 (writ dismissed). The issue made by the pleadings in this case was whether the exposure which plaintiff had suffered during the delay caused by the wreck was the proximate cause of her injuries. Plaintiff asserted that such was the case, and defendant denied such assertion. This issue was submitted to the jury by the general charge of the court, and the jury, in response thereto, found affirmatively in plaintiff's favor thereon, as above set out. Such issue was also submitted by defendant's specially requested issues 15, 16, and 24, copied above. In response to such requested issues, the jury found that the plaintiff's injuries were

caused solely by reason of her getting off the car, remaining out of the same, and getting cold while so remaining on the occasion of the wreck. Doubtless any testimony tending to show that plaintiff's injuries might have resulted from some other cause was admissible to aid the jury in determining such issue. G., H. & S. A. Ry. Co. v. Henry & Dilley, 65 Tex. 685, 689; Altgelt v. Emilienburg, 64 Tex. 150; Boynton v. Tidwell, 19 Tex. 118, 121. Such testimony in this case, if any, did not, in the absence of pleading, raise an issue within the meaning of that term in the authorities cited, but was evidentiary only. The authorities are uniform that matters purely evidentiary should not be specifically submitted, but that the matters submitted to the jury for determination should be confined to ultimate controlling issues. Texas Employers Ins. Ass'n v. Downing (Tex. Civ. App.) 218 S. W. 112, 121, par. 14 (writ refused); St. L. S. W. Ry. Co. v. Bradberry (Tex. Civ. App.) 237 S. W. 364, 365, 366, par. 3 (writ refused); Texas City Transportation Co. v. Winters (Tex. Com. App.) 222 S. W. 541, 542, par. 3; Sun Insurance Office v. Beneke (Tex. Civ. App.) 53 S. W. 98, 101, par. 4 (writ refused); G., H. & S. A. Ry. Co. v. Cook (Tex. Civ. App.) 214 S. W. 539, 546, 547, pars. 14 and 15 (writ dismissed); Borden v. Pelipchyk (Tex. Civ. App.) 243 S. W. 1109, 1114, pars. 2–4; Houston Belt & Terminal Ry. Co. v. Barger (Tex. Civ. App.) 176 S. W. 870, 873, par. 2.

[4] When an issue made by the pleading and supported by evidence has been properly submitted, the court is not required, even on request, to submit it in another or converse form. San Antonio, U. & G. R. Co. v. Dawson (Tex. Civ. App.) 201 S. W. 247, 250, par. 4, and page 251, par. 8 (writ refused); Texas City Transportation Co. v. Winters (Tex. Com. App.) 222 S. W. 541, 542, par. 4; R. Piel Gin Co. v. Independent Farmers' Gin Co. (Tex. Civ. App.) 257 S. W. 630, 631, 632, par. 4 (writ dismissed); Kennedy v. Wheeler (Tex. Civ. App.) 268 S. W. 516, 522, par. 9; Borden v. Pelipchyk (Tex. Civ. App.) 243 S. W. 1109, 1113, 1114, par. 4. The court having submitted special issues requested by defendant on the issue of whether plaintiff's injuries resulted solely from exposure at the time of the wreck, defendant cannot complain of the refusal of other requests for the submission of such issue in some other form. Texas Employers' Ins. Ass'n v. Pierce (Tex. Civ. App.) 254 S. W. 1019, 1023, par. 11 (writ dismissed), and authorities there cited.

[5, 6] We are, however, of the opinion that there was no evidence of sufficient probative force to require the submission of any of said requested issues. The testimony of Dr. Sheddan as applied to the facts in this case shows nothing more than that the plaintiff, on account of her age, was more susceptible to cold than a young, healthy woman, and that the trip from Fort Worth to Colorado City would tend to lower her vitality or resisting power. Plaintiff in her testimony not only failed to disclose any circumstance on the whole trip tending to show exposure except during the delay caused by the wreck, but she also expressly denied any other exposure. Her testimony was the only testimony on the subject. Defendant attempted to show by her on cross-examination that she was subjected to other exposure or discomfort from the weather on the trip, but failed. There being no affirmative testimony of exposure, her negative testimony on that subject did not raise an issue which the court was required to submit merely because she was a party to the suit and interested in the result. Starkey Wooten Gro. Co. (Tex. Civ. App.) 143 S. W. 692, 694, and authorities there cited. On the question of when the uncontradicted evidence of a party is conclusive, see Joffre v. Mynatt (Tex. Civ. App.) 206 S. W. 951, 952; Friedman v. Peters, 18 Tex. Civ. App. 11, 44 S. W. 572; Thomas & Co. v. Hawthorne (Tex. Civ. App.) 245 S. W. 966, 972 (writ refused); Hill v. Staats (Tex. Civ. App.) 187 S. W. 1039, 1042 (writ refused, com. judges); McKeever v. Dittman (Tex. Civ. App.) 262 S. W. 1054, 1058; Daggett v. Worsham & Co. (Tex. Civ. App.) 264 S. W. 180, 185; Dallas Hotel Co. v. Newberg (Tex. Civ. App.) 246 S. W. 754, 756; Malone v. National Bank of Commerce (Tex. Civ. App.) 162 S. W. 369, 370; Houston v. Holmes (Tex. Civ. App.) 262 S. W. 849, 850; Long v. Shelton, 155 S. W. 945, 946; King v. Worthem (Tex. Civ. App.) 37 S. W. 1133. The court did not err in refusing to submit any of said requested issues. Neither did he err in failing to submit the substance of the same in some other form.

[7] Defendant next complains that the court authorized the jury in determining the compensation to be awarded plaintiff for her injuries to consider loss of working capacity. There was evidence that plaintiff was then a widow, and lived with her married daughter, and had done so for about 3 years; that she had four living children; that, when first married, she lived with her husband in Milam county; that he died there, and she then bought a farm on the Plains, and moved onto it, and resided on it for about 6 years; that since her injuries she was not able to perform her work like she did before receiving them. Her physical incapacity existing at the time of trial has heretofore been stated. The authorities distinguish between loss of earning capacity and the loss of working capacity. Fordyce v. Withers, 1 Tex. Civ. App. 540, 20 S. W. 766, 768; El Paso & N. E. Ry. Co. v. Sawyer, 56 Tex. Civ. App. 195, 119 S. W. 107, 108, 109. We quote from 4 Sutherland on Damages, § 1247, pp. 4725 et seq., loc. cit. page 4727, as follows:

"It seems plain that wrongful interference with any capacity or function of a human being should be compensated for, aside from any existing need for the exercise of such capacity or function. The vicissitudes of life may call upon any person to put forth every effort to serve himself or those who are dependent upon him * * * Impaired ability to work is in itself an injury and deprivation, distinct from any loss of earnings it entails, and the sufferer is entitled to compensation for it. It may be treated as part of the mental suffering resulting from the injury and as due to the consciousness of impaired power to care for one's self. In the nature of the case the sum which will compensate for such damage is not ascertainable by mathematical computation; it must be fixed by the jury with respect to the evidence and the probabilities, and should be sufficient to compensate therefor."

See, also, Cohn v. Saenz (Tex. Civ. App.) 211 S. W. 492, 497, par. 12 (writ refused); Stotler v. Chicago & A. Ry. Co., 200 Mo. 107, 98 S. W. 509, 519; McNeil v. City of Cape Girardeau, 153 Mo. App. 424, 134 S. W. 582, 583; Duffy v. St. Louis Transit Co., 104 Mo. App. 235, 78 S. W. 831, 833.

[8, 9] The evidence in this case sufficiently indicates that plaintiff's principal experience in the past had been in the discharge of the duties of a mother and housewife, and probably the added responsibility of managing a farm. Her testimony indicates that before her injury she did habitually perform some sort of labor, though it does not disclose the nature thereof. Her right to compensation for decreased capacity to care for herself and provide for her own comfort and to minister to the needs of her family or loved ones is not limited by an existing necessity for such labor, nor necessarily measured by the amount thereof customarily performed at or immediately prior to her injuries. Such damage is not to be measured by any standard of pecuniary return by way of wage or profit, but is to be assessed by the jury in the sound discretion of its members and in the light of their experience in everyday affairs. The issue of decreased capacity to labor is frequently blended with the issue of decreased capacity to earn money by performing labor, but, even when so blended, it is held that very slight evidence will authorize the submission of decreased earning capacity as an element of damage. Dallas Consolidated Electric St. Ry. Co. v. Motwiller, 101 Tex. 515, 520, 521, 109 S. W. 918, 921; St. L. S. W. Ry. Co. v. Niblack, 53 Tex. Civ. App. 619, 117 S. W. 188 (writ refused); S. A. & A. P. Ry. Co. v. Jackson, 38 Tex. Civ. App. 201, 85 S. W. 445, 446 (writ refused); De La Vergne Refrigerating Mach. Co. v. Stahl, 24 Tex. Civ. App. 471, 60 S. W. 319, 321 (writ refused); Posener v. Long (Tex. Civ. App.) 156 S. W. 591, 592 (writ refused); G., H. & S. A. Ry. Co. v. Bibb (Tex. Civ. App.) 172 S. W. 178; 179-180 (writ refused); G., H. & W. Ry. Co. v. Lacy, 86 Tex. 244, 246, 249, 24 S. W. 209;

Chicago, R. I. & P. R. Co. v. Cleaver, 48 Tex. Civ. App. 294, 106 S. W. 721, 722, 723 (writ refused); J. M. Guffey Petroleum Co. v. Dinwiddie (Tex. Civ. App.) 182 S. W. 444, 447. We sustain the action of the court in the matter complained of.

[10] Defendant complains of the refusal of its special requested charge instructing the jury, in effect, that no damages could be allowed in this case on account of any suffering or injury resulting from the failure to have a fire in the waiting room of its depot at Toyah. The specific basis for this complaint is the contention that the pleadings of plaintiff were insufficient to raise an issue as to such duty, because she alleged in that connection that the same was imposed by statute. She did allege that, when she returned to Toyah, as above shown, she was cold, and chilled through and through, and that there was no fire in the waiting room at the station, but that the same was cold and unpleasant, and not warm and comfortable, as required by law, and that she remained cold and chilled throughout the day. In addition thereto, she did allege the facts and circumstances attending the wreck, her situation and condition, and all that was done for her safety and comfort during the entire period of delay. A reasonable construction of her pleadings as a whole shows that she alleged, in effect, that the relation of carrier and passenger existed between her and defendant from the time she left Colorado City until she arrived in El Paso, and that the duty owed by the defendant to her as such passenger continued during the whole time of the delay on account of the wreck, without distinction between the time spent at the scene of such wreck and the time spent at the depot at Toyah. We do not understand defendant to contend that the evidence does not tend to show responsibility on its part for any exposure or suffering endured by her while at the depot at Toyah waiting for defendant to complete her transportation to El Paso. Besides, defendant's requested issues submitted by the court and answered by the jury, as above set out, are not limited to exposure at the place of the wreck, but are, we think, broad enough to include exposure and suffering both there and at Toyah. While we have been cited to no case exactly in point, we think that the rule here applied is properly deducible from the following authorities cited by plaintiff: Fort Worth & D. C. Ry. Co. v. Hawley (Tex. Civ. App.) 235 S. W. 659; St. Louis S. W. Ry. Co. v. Humphreys, 25 Tex. Civ. App. 401, 62 S. W. 791; Arrington v. Texas & P. Ry. Co. (Tex. Civ. App.) 70 S. W. 551; Railway v. Campbell, 30 Tex. Civ. App. 35, 69 S. W. 451; St. Louis, B. & M. Ry. Co. v. Fielder (Tex. Civ. App.) 163 S. W. 606; Texas & Pacific Ry. Co. v. Cornelius, 10 Tex. Civ. App. 125, 30 S. W. 720; Chicago, Rock Island Ry. Co. v. Faulk-

ner (Tex. Civ. App.) 194 S. W. 651; St. Louis & S. W. Ry. Co. v. Foster (Tex. Civ. App.) 112 S. W. 797.

[11] The only other point presented as ground for reversal is defendant's contention that the verdict is excessive. A brief statement of plaintiff's condition previous to her starting on her trip to El Paso and her condition at the time of trial has been hereinbefore set out. There was testimony tending to show her pain, suffering, and physical disability in detail, in addition to the general outline hereinbefore recited. There was also testimony to show that her injuries were permanent, and that there was no reasonable probability of material improvement. Since the amount of damages to be awarded in a particular case of personal injury is primarily a matter for the jury, it is impossible to reconcile the verdicts in different cases or to measure them by a common standard. The jury in this case seems to have accepted plaintiff's theory of the case, both as to the cause of her injuries and the extent of her suffering and disability therefrom, and we cannot say, in view of the evidence as a whole, that their doing so indicates that they were influenced by any improper motive such as partiality or prejudice. Plaintiff cites the following authorities, which we think sustain the action of the trial court in refusing to set aside the verdict on the ground that it is excessive: Western Union Telegraph Co. v. Parham (Tex. Civ. App.) 210 S. W. 740; Galveston, H. & S. A. Ry. Co. v. Gibson (Tex. Civ. App.) 38 S. W. 480; Ledbetter v. Burnes, 42 Tex. 508; Dillingham v. Scales, 78 Tex. 205, 14 S. W. 566; I. & G. N. Ry. Co. v. Gilbert, 64 Tex. 536; G., C. & S. F. Ry. Co. v. Moser (Tex. Civ. App.) 277 S. W. 722; Melican v. Whitlow Const. Co. (Mo. Sup.) 278 S. W. 368; Galveston, H. & S. A. Ry. Co. v. Miller (Tex. Civ. App.) 191 S. W. 374; I. & G. N. Ry. Co. v. Woodward, 26 Tex. Civ. App. 389, 63 S. W. 1051; Gulf, C. & S. F. Ry. Co. v. Silliphant, 70 Tex. 623, 8 S. W. 673; I. & G. N. Ry. Co. v. Dalwigh (Tex. Civ. App.) 56 S. W. 136; I. & G. N. Ry. Co. v. Vanlandingham, 38 Tex. Civ. App. 206, 85 S. W. 847; I. & G. N. Ry. Co. v. Brazzil, 78 Tex. 314, 14 S. W. 609; Galveston, H. & S. A. Ry. Co. v. Watts (Tex. Civ. App.) 182 S. W. 412; H. & T. C. Ry. Co. v. Batchler, 37 Tex. Civ. App. 116, 83 S. W. 902; Brown v. Sullivan, 71 Tex. 470, 10 S. W. 288; Kentucky Distilleries & Warehouse Co. v. Wells (Ky.) 148 S. W. 375; Furnish et ux. v. Missouri Pacific Ry. Co., 102 Mo. 438, 13 S. W. 1048, 22 Am. St. Rep. 781; Willitts v. Chicago, B. & Q. Ry. Co. (Mo. Sup.) 221 S. W. 65; Schaff v. Young (Tex. Civ. App.) 264 S. W. 583.

The judgment of the trial court is affirmed.